· [No. 4571.  Decided June 27, 1903.]

THE STATE OF WASHINGTON, *Appellant,* v. J. C. PETIT, *Respondent.*

BURGLARY — BUILDING ENTERED — FLAT CAR.

A flat car loaded with freight, which was covered with a heavy canvas is not the character of structure contemplated by the term "railroad car," so as to make the felonious taking of goods therefrom constitute the crime of burglary, under Bal. Code, § 7104, which defines the crime as the unlawful entry in the night time, or the unlawful breaking and entry in the day time of any house, office, store, railroad car, etc., or any building in which goods are kept.

Appeal from Superior Court, Kittitas County.—Hon. FRANK H. RUDKIN, Judge.  Affirmed.

*Clyde V. Warner,* Prosecuting Attorney (*C. B. Graves* and *Austin Mires,* of counsel), for the State.

*Pruyn & Slemmons,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The defendant was charged with burglary upon the following information:

"The said J. C. Petit, on the 19th day of October, A. D. 1902, in the county of Kittitas, state of Washington, did then and there unlawfully break and enter in the nighttime a railroad car, to wit, a flat car used for carrying freight and merchandise, belonging to and property of the Northern Pacific Railway Company, said flat car being then and there loaded with wheat in bags or sacks, and said car and wheat upon it being entirely covered by a tarpaulin made of heavy canvas, and which tarpaulin entirely enclosed said wheat, and was securely fastened to said car at the sides and ends thereof so as to form a roof and sides and ends for the upper portion of said car, with the intent then and there to commit a misdemeanor therein."

A demurrer was interposed to the information on the ground that the. facts charged did not constitute a crime. The court sustained the demurrer to the information, and the cause was brought to this court for review.

The question is, is the car or the structure on wheels described in the information a railroad car, such as was within legislative contemplation in § 7104, Bal. Code, where burglary is defined as follows: "Every person who shall unlawfully enter in the night time, or shall unlawfully break and enter in the day time, any dwelling house, or outhouse thereunto adjoining, and occupied therewith, or any office, shop, store, warehouse, malt house, still house, mill, factory, bank, church, school house, railroad car, barn, stable, ship, steamboat, water craft, or any building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, within the body of any county, with intent to commit a misdemeanor or felony, shall be deemed guilty of burglary," and the penalty is imprisonment in the penitentiary for any period not more than fourteen years. It is conceded that the car described in the information is the ordinary flat car which is used by railroad companies for the transportation of wheat. These cars are matters of common observation to people who have occasion to observe the freighting interests of the country by rail, the tarpaulin or cover being evidently not for the purpose of forming part of an inclosed structure, but principally to protect the grain from the inclemency of the weather, and possibly to assist in a measure in keeping the sacks on the car from shifting their places. These cars, it seems to us, do not come within the definition given by the statute, which evidently had relation to box cars, or some kind of a car that is inclosed so that an entry can be made. Under the ordinary understanding of the words

"break and enter" it is difficult to see how a person could break and enter a flat car loaded with wheat upon which a canvas is laid. The authorities cited by the appellant, it does not seem to us, are at all in point.

It is the contention of the appellant that the statutes of various states of the Union enlarge or modify the common-law definition of burglary until by codific evolution the species has been entirely lost, and that we have positive enactments which say certain acts are burglary, the word "burglary" being employed simply to give it a heinous character. The common-law definition of burglary is breaking and entering the dwelling house of another in the night time with intent to commit a felony. It is not true, we think, that by codific evolution the species has been entirely lost. While there has been an enlargement of the definition, the central idea which has obtained for hundreds of years, viz., the unlawful breaking and entering of some kind of an inclosed structure, has been retained, the statute finally dropping the element of breaking when the structure was unlawfully entered in the night time; and we do not think that it was the legislative intent to confuse the crimes of burglary and larceny, or substitute one definition for the other. It is no doubt true that the legislature has the power to denominate any kind of larceny, or for that matter any other crime, burglary; but in legislation on crimes the definitions of which have been so well and commonly understood as the crimes of burglary and larceny, the substitution will not be presumed unless the intention is manifest, as it is not in this case.

The demurrer was properly sustained, and the judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY and MOUNT, JJ., concur.