SAMUEL NEUMANN, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN ET AL.

Submitted December 7, 1911—Decided February 27, 1912.

1. Under the charter powers of the city of Hoboken to make reasonable regulations as to manner of building dwelling-houses and other buildings, the manufacture and keeping of gunpowder, fireworks and other combustible articles—*Held,* that power was conferred to regulate reasonably the use of a building as a mattress factory, which required such material as excelsior, dry grass, curled hair, and the like, the word "combustible" embracing such materials as are liable, if ignited, to cause a conflagration and endanger life and property.

2. The pursuit of a highly inflammable business in a crowded city is not such a "vested right" as is prescribed by the language of the Hoboken charter.

3. Publication as required by the charter of Hoboken is sufficient notice to all persons of the introduction of an ordinance.

4. An ordinance will not be set aside as unreasonable unless clearly shown to be unreasonable *in toto*. If it may operate reasonably in some cases and not in others, the character of its operation in a particular case is to be tested by reviewing an enforcement of it in such case.

On *certiorari*.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *J. Emil Walscheid.*

For the defendants, *John J. Fallon.*

The opinion of the court was delivered by

PARKER, J.  This writ of *certiorari* brings up for review section 29 of the Hoboken City Building code, as amended in May, 1911, and which reads as follows:

"Section 29.  No building to be used as a saw or grist mill, blacksmith shop or shop for the working of wood or other combustible materials or rag warehouse, or shop or factory building for the manufacture, repair or renovating of mattresses or bedding, or any other article wherein the use of excelsior, hair or other inflammable or combustible material is used, or for the storage of excelsior or hair, or for the storage of materials of an inflammable nature, shall be erected, nor shall any building be converted to such uses, or used for any such purpose, within twenty-five (25) feet of any building of the first grade, or hotel, tenement or dwelling or office."

By section 148 of the same code there is a penalty of $50 for violation of any provision; also a similar penalty for failure to remove any violation of the code within ten days after notice to do so; and a similar penalty for such failure after conviction of a violation.

Prosecutor operates a mattress factory which is located in

such a manner as to come within the prohibition of section 29, and was served with notice under section 148 to cease manufacturing mattresses at the place in question. It appears by stipulation that an action for the enforcement of a penalty has been begun and is pending. Prosecutor holds the premises under lease with some two years to run, the premises by the terms of said lease to be used for the manufacture of mattresses only. The writ does not bring up the suit for the penalty, but only the ordinance, and we are asked in this proceeding to declare section 29 void and to set it aside *in toto.*

The first ground presented for so doing is that the city had no power under its charter to pass such an ordinance.

The charter provision is as follows (*Pamph. L.* 1855, *pp.* 448, 462) :

"Title IV. Of the powers of the council."

"40. And be it enacted, That the said council shall have power to pass, alter and repeal ordinances, to take effect within said city, for the following purposes:

     ✻     ✻     ✻     ✻     ✻     ✻     ✻     ✻

"Third. To control and regulate the fire department of the city, subject to the provisions of 'An act to incorporate the fire department of the township of Hoboken,' approved March 15, 1854, except so much of said act as shall conflict with the provisions of this act, which parts be and are hereby repealed; to make such reasonable regulations as to the manner of building dwelling-houses and other buildings, the manufacture and keeping of gunpowder, fireworks and other dangerous and combustible articles, and to prevent, within certain limits to be from time to time prescribed by ordinance, the erection of wooden buildings."

The argument is that the word "combustible" must be construed with regard to gunpowder and fireworks as named in the section and excludes articles which, like excelsior, cotton, curled hair, dried grass and the like, used in making mattresses, burn readily but are not to be classed with gunpowder and fireworks. We are not willing to give so restricted a scope to the word "combustible." So far as relates to gunpowder and fireworks they may as well be associated with the word

"dangerous." Without going into a general definition of the word "combustible," we are clear that it is broad enough to include articles likely to be dangerous to life or property because of their liability, if ignited, to cause a conflagration, and that ordinary materials for mattress stuffing are clearly in this class.

Next, the prosecutor invokes section 72 of the charter reserving vested rights of all persons.

But we are not ready to say that the pursuit of a highly inflammable business in a crowded city is a vested right. It savors rather of nuisance, and there can be no vested right to maintain a nuisance as against the public; at least none can be predicated on the mere fact that such nuisance has been maintained for a limited period.

It is further urged that there was no notice to the prosecutor of the introduction of the ordinance, and no opportunity to him to be heard.

The ordinance was published as required by law, and we are unable to see that prosecutor was entitled to any further notice.

Finally, it is argued that the ordinance should be set aside as unreasonable.

This should not be done unless the ordinance is unreasonable *in toto*. The presumption is that it is reasonable and the burden of proving it otherwise is on the prosecutor; if reasonable in part, it will not be set aside, but be permitted to stand, leaving open the reasonableness of its operation in particular cases. *Pennsylvania Railroad* v. *Jersey City,* 18 *Vroom* 286; *Hamblet* v. *Asbury Park,* 32 *Id.* 502; *North Jersey Street Railway Co.* v. *Jersey City,* 46 *Id.* 349, where the cases are collected.

From our examination of the ordinance, and the proof in the case, we are unable to say that the ordinance is unreasonable in all cases. It follows that the present writ should be dismissed and prosecutor left to test the reasonable or unreasonable operation of the ordinance as to himself by reviewing a conviction in proceedings to enforce it against him. *Hamblet* v. *Asbury Park, ubi supra.*

The writ will be dismissed.