THE CHANCELLOR DEVELOPMENT CORPORATION, A COR-PORATION OF NEW JERSEY, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, FRED-ERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK, DEFENDANTS.

Argued October 6, 1925—Decided November 10, 1925.

**Zoning—Stores in Restricted Section—Case Within Rule in Ig-naciunas v. Risley—Not Distinguished From Steinberg v. Bigelow Opinion Just Filed.**

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Philip J. Schotland*.

For the defendants, *Jerome T. Congleton* and *Charles M. Myers*.

PER CURIAM.

This case is before us on a writ of *certiorari* allowed for the purpose of reviewing the action of the board of adjustment of the city of Newark sustaining the action of the superintendent of buildings of Newark in refusing to issue to the prosecutor a building permit. The prosecutor, a cor-poration, owns a tract of land on the northwest corner of

Lyons avenue and Irving place, in the city of Newark. On this plot of ground it desires to erect two two-story brick, steel and stone buildings. The building on the corner was to contain six stores on the ground floor and four apartments on the second floor. The other building is to be located immediately west of and adjoining the corner building was to consist of four stores on the ground floor and four apartments on the second floor. Plans were prepared and submitted to the state board of tenement house supervision and approved by that board.

On February 6th and March 8th the prosecutor applied to the superintendent of buildings for a permit to erect the said buildings and tendered the legal fees. The superintendent of buildings refused to issue the permit on the ground that the premises were located in a district which had been zoned as a residence in an ordinance of the city of Newark adopted on December 31st, 1919.

On March 19th, 1925, the prosecutor appealed to the board of adjustment of Newark from the decision of the superintendent of buildings. The board sustained the action of the superintendent in refusing to issue the permit. Lyons avenue, on which the plot is located, is a main thoroughfare of Newark running west from Elizabeth avenue to the town of Irvington. Part of this avenue is in the business zone. There is a constant flow of heavy traffic through Lyons avenue at all times. A hospital organization, which proposes to erect a hospital near the prosecutor's lands, objected to the granting of the permit.

Upon the refusal of the board of adjustment to grant the permit, a writ of *certiorari* was applied for and allowed to review the action of the board.

This case cannot be differentiated from the case of Steinberg *v.* Bigelow, Superintendent of Buildings of the City of Newark, et al., in which an opinion will be filed at the same time as the opinion in this case. For the reasons set forth in that opinion the action of the board of adjustment of the city of Newark is set aside, with costs. The statement made

by counsel for the respondents respecting the issue forthwith of a building permit to the prosecutor applied also to the present case.