JOHN H. PAYNE, PROSECUTOR, v. BOROUGH OF SEA BRIGHT, A MUNICIPAL CORPORATION, AND WALTER G. SWEENEY, BOROUGH RECORDER OF THE BOROUGH OF SEA BRIGHT, DEFENDANTS.

Submitted January term, 1936—Decided May 26, 1936.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Kremer & Proctor*.

For the defendants, *Edward W. Wise*.

BODINE, J.   This is a rule to show cause why a writ of *certiorari* should not issue to review (a) the zoning ordinance of the borough of Sea Bright, and (b) the conviction of the prosecutor in the Recorder's Court on a complaint of violating that ordinance by undertaking to erect a building for restaurant purposes in a district zoned as residential.

The first phase may be disposed of in a few words.   The law is thoroughly settled that an ordinance will not be set aside on *certiorari* as unreasonable unless it is unreasonable *in toto,* and that attack on any part of it involving a penalty for disobedience must await a conviction thereunder.   *Neumann* v. *Hoboken,* 82 *N. J. L.* 275; 82 *Atl. Rep.* 511, and cases cited.   (N. B. also later cases citing it.)   It is not suggested that this ordinance is unreasonable except as to a section of territory including prosecutor's property.   In this aspect the rule must be discharged.

As to phase (b) the ordinance, as customary with ordinances of this class, contemplates application in the first instance to the building inspector, with submission of plans, and appeal by an aggrieved party to the board of adjustment, providing for the procedure in such case.   But the present prosecutor admits that he made no such application, but commenced to build, and was stopped by the chief of police who said he would have to get a permit.   He says he "showed the plans" to the building inspector and the mayor, and appeared before the board, who told him he would have to notify the property owners within five hundred feet, as required by section 17 (f) of the ordinance.   He did not do this, but went on with the work and was then arrested and convicted.

If that conviction had been under the building code for building without a permit, prosecutor would clearly have been out of court.   But the complaint makes no such charge. It rests on erection of a business building in a residential zone.   In such cases the procedure is well settled.   The orderly

steps are to file the application and plans, meet with a refusal of permit because of the zoning ordinance, appeal to the board of adjustment, and in case of their refusal to apply for *certiorari* to review it; after which, in case the finding of the board is set aside, *mandamus* will lie to compel the issue of a permit. *Dorsey Motors* v. *Davis,* 13 *N. J. Mis. R.* 620, 621; 180 *Atl. Rep.* 396, and cases cited, particularly *Chancellor Development Corp.* v. *Board Adjustment, City of Newark,* 3 *N. J. Mis. R.* 1231; 131 *Atl. Rep.* 116. That is the orderly method of settling the reasonableness *vel non* of a zoning ordinance in a particular case, and needless to say, it was not followed here. Assuming though not admitting, that in the absence of any ordinance requiring preliminary application and submission of plans, an owner could take his chances with a zoning ordinance containing no such provisions and question the reasonableness of the zoning after conviction, no such situation obtains in this case, but on the contrary we have an owner plainly in default as to procedure asking in advance of any application under the zoning ordinance or otherwise, for an adjudication that if he should apply, the zoning provisions would not stand in his way.

It is suggested that the board of adjustment "did not fix any date for hearing." The facts above set forth show that there was nothing legally before the board.

We see no merit whatever in phase (b) and the rule to show cause will, therefore, be discharged, with costs.