[No. 37560. Department One. February 1, 1965.]

THE STATE OF WASHINGTON, *on the Relation of Longview Fire Fighters Union, Local 828, I.A.F.F., et al., Appellant,* v. THE CITY OF LONGVIEW *et al., Respondents.**

*Reported in 399 P. (2d) 1.

*Shanks & Litchman, Wettrick, Toulouse, Lirhus & Hove,* and *Arnold J. Barer,* for appellants.

*Studley & Purcell,* for respondents.

OTT, J.—The relators, firemen employed by the city of Longview, sought a writ of mandamus in the superior court to compel the city to levy two mills for the budget year 1964 and place the revenue derived therefrom in its firemen's pension fund. Relators alleged that, unless the fund receives the revenue from a levy of two mills, it will not be actuarially sound under RCW 41.16.060 which provides:

"It shall be the duty of the legislative authority of each municipality, each year as a part of its annual tax levy, to levy and place in the fund a tax of one mill on all the taxable property of such municipality: *Provided,* That should the estimated amount to be raised by said levy of one mill, together with other estimated income be insufficient to meet the estimated requirements of the fund then there shall be levied such additional tax, not to exceed one mill, as will meet said requirements: *Provided further,* That this additional levy may be in addition to the city fifteen mill levy limit now provided by law.

"Any city or town may, at any time before the annual budget for the city or town is made, cause an examination of and report on the condition of the firemen's pension fund by an actuary, and if it is established from such examination and report that the condition of the fund and the estimated demands and requirements thereon under this chapter during the ensuing budget year will not require the levy of the mandatory one mill, or if all or any part of the additional one mill levy is unnecessary to meet the estimated demands on the fund under this chapter for the ensuing budget year, the levy of the mandatory or additional one mill may be omitted, or the whole or any part of such millage may be levied and used for any other municipal purpose."

The trial court held that the statute granted the city of Longview discretionary authority to levy and allocate to the pension fund the additional mill, and that there was no evidence that the city council had been arbitrary or capricious in the exercise of this discretion. The court dismissed the action, and relators appealed.

The appeal presents a single legal issue: In the absence of an actuary report, is the levy of either one or two mills, as provided by the statute, mandatory or discretionary?

The statute provides that there are two separate mills which the city can levy. For the purposes of clarity, we will refer to the first mill provided for in the statute as the mandatory mill, and the second as the additional mill.

The city may cause an actuary report to be made and determine

". . . from such examination and report that the condition of the fund and the estimated demands and requirements thereon under this chapter during the ensuing budget year *will not require the levy of the mandatory one mill . . .*" (Italics ours.)

Since the city levied and placed in the pension fund for 1964 the mandatory mill, an actuary report was not required.

Relators offered into evidence an actuary report for the year 1961, together with a certified operating report showing the status of the fund for 1962. They also made an offer of proof that their actuary would testify that the fund would be less actuarially sound in 1963 than it was in 1961. The relators contend that the city may not eliminate the levy of the additional mill without an actuary report.

In regard to the additional mill, the legislature has provided that

". . . if all or any part of the additional one mill levy is unnecessary to meet the estimated demands on the fund under this chapter for the *ensuing budget year, the levy of the* mandatory or *additional one mill may be omitted . . .*" (Italics ours.)

 The use of the word *"may,"* without reference to any actuary report, grants the city discretion to omit the

additional mill if it finds, from its examination of the status of the fund, that the additional mill is not needed to meet the estimated demands for the "ensuing budget year." The legislature's use of the words "ensuing budget year" further supports this conclusion. To construe the statute so as to require an annual actuary report in order to eliminate the additional mill would render the words "may" and "ensuing budget year" meaningless. Our established rules of statutory construction require that words must be given their usual and ordinary meaning. *Parkhurst v. Everett,* 51 Wn. (2d) 292, 294, 318 P. (2d) 327 (1957). Courts will not construe a statute so that words used therein are meaningless. *DeGrief v. Seattle,* 50 Wn. (2d) 1, 297 P. (2d) 940 (1956); *Group Health Cooperative of Puget Sound v. King Cy. Medical Soc.,* 39 Wn. (2d) 586, 637, 237 P. (2d) 737 (1951), and cases cited; *State v. Houck,* 32 Wn. (2d) 681, 203 P. (2d) 693 (1949).

The statute expressly grants the city council discretionary power to levy the additional mill, in the event it finds the one mill levy "insufficient" to meet the estimated requirements of the fund for the ensuing budget year. In the absence of evidence of arbitrary or capricious conduct, mandamus will not lie to compel a legislative body to perform a discretionary function in a particular manner. *State ex rel. Tubbs v. Spokane,* 53 Wn. (2d) 35, 38, 330 P. (2d) 718 (1958); *Lillions v. Gibbs,* 47 Wn. (2d) 629, 633, 289 P. (2d) 203 (1955); *Stoor v. Seattle,* 44 Wn. (2d) 405, 410, 267 P. (2d) 902 (1954).

Finally, relators contend that the two mill levy is required until such time as the fund is actuarially sound, and that the legislature never intended the fund to be on a "pay as you go" basis. There is no proof in this record that the Longview fund is on a *"pay as you go" basis.* Relators offered evidence which established the following status of the fund as of December 31, 1962, during which year *no levy* was made. A one mill levy would have raised approximately $21,000 additional. The expenses for 1962 were $3,487.24. To meet this expense, the fund had on deposit $437,647.94, which earned interest of $12,328.46 in 1962. The employee

contributions were $10,533.66 and state aid $4,262.19, or a total income from these sources for 1962 of $27,124.31. *Without the levy of either the mandatory or additional mill,* there was a net increase in the fund for 1962 of $24,632.35.

■ There is a legal presumption that public officers properly perform the duties of their office. *Smith v. Hollenbeck,* 48 Wn. (2d) 461, 465, 294 P. (2d) 921 (1956), and case cited. It follows that one who challenges the performance of these duties has the burden of proof. In the absence of proof to the contrary, it must be assumed that the city council is building a reserve sufficient to meet contemplated needs under the act, so that the fund will be financially sound and solvent at all times.

The legislature has not provided that the fund be actuarially sound within a given time or at all. In the proper exercise of its discretion, the legislature has given the city council the authority to review annually the status of the "estimated demands and requirements" of the act, and to make the levies needed to meet these requirements. This duty the city council of Longview has fully performed.

The judgment is affirmed.

ROSELLINI, C. J., HUNTER and HALE, JJ., and BARNETT, J. Pro Tem., concur.