[No. 101-41074-3. Division Three. August 11, 1970.]

TERRACE HEIGHTS SEWER DISTRICT, OF YAKIMA COUNTY, *Respondent*, v. FRED YOUNG *et al., Appellants.*

*Ivy, Elofson, Vincent & Hurst* and *Wiley G. Hurst,* for appellants.

*Smith, Scott, Hanson & Stewart* and *Richard C. Smith,* for respondent.

MUNSON, J.—Defendants, Fred and Stephen Young, appeal from a judgment holding: (1) a contract entered into on July 19, 1954 between plaintiff, Terrace Heights Sewer District, and defendants' predecessor was in excess of constitutional authority and therefore void; (2) defendants were bound by provisions of plaintiff's resolution 17 adopted July 1, 1954 and subsequently amended by resolutions adopted in August 1962 and April 1968, notwithstanding any provisions of the July 19, 1954 contract, and (3) defendants were liable to plaintiff for the sum of $1,200 for three additional hookup charges.

The facts pertinent to this appeal may be summarized as follows:

On July 19, 1954 plaintiff and defendants' predecessor entered into a contract which provided for the furnishing of sewage services by plaintiff, pursuant to its resolution 17, to defendants' land, even though it lay outside the sewer district's boundaries. By terms of the contract, plaintiff was to construct a sewer system which would service each lot of defendants' parcel (25 lots in all). The total cost of construction was $5,280 payable one-half down and the balance over a 10-year period with interest on the deferred amounts. The cost of construction was apportioned among each of defendants' lots and termed a "connection charge." The contract also provided that defendants would pay their proportionate share of the maintenance and service charges of said district in the same manner as those paid by property owners within the district.

In 1967 defendants constructed a four-plex upon one of the lots. After completion of the four-plex, defendants applied for a permit to connect these units to the connection provided under the above contract. Thereupon, plaintiff demanded payment for three additional connection fees, i.e., a fee for each additional residential dwelling unit. Defendants countered claiming all connection charges had been paid pursuant to the 1954 contract. Plaintiff allowed defendants to hook into the sewer through the existing connection with the understanding that neither party waived any rights.

Plaintiff then commenced this action to compel the payment of three additional connection charges, i.e., $400 each.

Defendants' assignments of error raise four issues for our determination:

(1) Whether the construction of a sewer system upon defendants' property at plaintiff district's expense with repayment by defendants over a period of time was a lending of the district's credit in violation of the Washington State Constitution, article 8, section 7?

(2) Whether the district furnished services to defend-

ants free of any costs for original plant acquisition, interest on loan and principal amortization in contravention of the Washington State Constitution, article 8, section 7?

(3) Whether the trial court's admission of parol evidence as to how plaintiff sewer district treated multiple-dwelling hookups was proper?

(4) Whether the sewer district had authority to amend its resolution 17, and the concomitant regulations affecting connection charges, in "apparent" contravention of the July 19, 1954 contract which incorporates resolution 17 and its scale of charges at that time?

█ Although the learned trial judge answered the first two questions in the affirmative, we do not believe that such a determination was necessary to grant the relief sought by plaintiff. It must be recognized that the original contract, found to be ultra vires by the trial court, was fully executed at the time this dispute arose. Both parties had performed all its operative terms. Consequently, the issue of lending credit contrary to our constitution was moot and irrelevant to plaintiff's cause of action—the recovery of three additional hookup charges for present hookups, not for hookups covered by a previous agreement.

██ With regard to the third issue, the contract incorporates resolution 17 and consequently section 406 thereof which states:

A separate connection shall be made to each building or structure for human occupancy not under the same roof and a separate connection fee shall be paid, except as hereinabove provided, for each such connection.

However, the contract does not define the term "under the same roof." The record shows each unit of the four-plex was connected to another by a small portion of party wall and roof. The court was justified in allowing parol evidence to explain what was deemed to be a structure for human occupancy not under the same roof. See *Ball v. Stokely Foods, Inc.*, 37 Wn.2d 79, 221 P.2d 832 (1950). Further, in the construction of statutes and ordinances, as well as resolutions of municipal corporations, the court should give

great weight to the contemporaneous construction of an ordinance or resolution by the official charged with its enforcement. *In re Estate of Lloyd,* 53 Wn.2d 196, 332 P.2d 44 (1958).

In finding of fact No. 5 the trial court set forth its rationale for holding that three extra connection fees should be paid on the basis that these structures are not under the same roof. We find ample evidence to substantiate that finding.

 In their fourth assignment of error defendants contend authority for the sewer district to change its rates can only be premised upon a holding that the 1954 contract is void. We disagree. A municipal corporation, expressly delegated the right to establish rates for public utilities, cannot surrender the power to exercise this right in the future by contract with the patron of its service. 12 McQuillin, Municipal Corporations § 34.147, at 442 (1950); *Johnson v. State,* 107 Ga. App. 16, 128 S.E.2d 651 (1962); *Illinois Power & Light Corp. v. Centralia,* 11 F. Supp. 874 (C. D. Ill. 1935). See *State ex rel. Webster v. Superior Court,* 67 Wash. 37, 120 P. 861 (1912). A close examination of the instant contract in no way prohibits, or requires a construction that prohibits, plaintiff from changing its rates to adapt to the changing economic climate that existed from 1954 to 1968. *Cf. Crawford v. Seattle, Renton & S. Ry.,* 86 Wash. 628, 150 P. 1155 (1915). The contract by its terms does not imply a set connection fee per parcel per family dwelling unit for the future. Rather, it incorporates by reference a resolution that is subject to amendment. One dealing with officers of a municipal corporation is presumed to have knowledge of the power and authority, as well as the limitations thereof, of such officers. Plaintiff herein was without power to contract for connection rates which were not amendable. *Cf. Stoddard v. King County,* 22 Wn.2d 868, 158 P.2d 78 (1945).

In the instant case we have four family dwelling units on one parcel. One connection fee has been paid, three are due. Therefore, the three connection fees are chargeable at the

rate in effect at the time of the connection, *i.e.,* in accordance with resolution 17 as amended.

We affirm the trial court's judgment in favor of plaintiff in the amount of $1,200.

EVANS, C. J., and GREEN, J., concur.