[No. 1441-1.    Division One—Panel 1.    September 25, 1972.]

KING COUNTY, *Respondent*, v. ROY F. OLSON *et al., Respondents,* JOHN D. GRAHAM *et al., Petitioners.*

*Guttormsen, Scholfield & Stafford, Thomas D. Frey,* and *John G. Cooper,* for petitioners.

*Christopher T. Bayley, Prosecuting Attorney,* and *Richard D. Eadie, Deputy,* for respondents.

HOROWITZ, C.J.—Petitioners Graham seek review by certiorari of an order entered below in eminent domain proceedings, adjudicating the public use and necessity for the taking of their property.

Sometime prior to 1971, King County commenced proceedings to create a trail park between Lake Sammamish and Bothell, Washington. The park area was to be 7 miles in length with an approximate width of 100 feet from the bank on either side of the Sammamish River. Petitioners' land is located within the proposed park area.

To acquire the land needed for the proposed park, including petitioners' land, the King County Council enacted ordinance No. 690 authorizing eminent domain proceedings for that purpose. The ordinance was enacted in conformity with the notice requirements called for by King County ordinance No. 00583, later discussed. Nevertheless, petitioners received no actual notice of the hearing on the proposed ordinance and did not attend that hearing.

Later, pursuant to ordinance No. 690, King County filed the petition below to acquire the land needed, including that of petitioners. In due course a hearing was held on the county's petition for the entry of an order of public use and necessity. At the end of the hearing, the court entered an order adjudicating public use and necessity with respect to the land described in the petition, including that of petitioners here. The review here is concerned with the validity of that order.

Petitioners first contend that ordinance No. 690 is void because enacted without the "due notice" required by article 2, § 230.10 of the King County Charter. That section reads:

Proposed ordinances shall be limited to one subject and may be introduced by any councilman or by initiative petition. At least seven days after the introduction of a proposed ordinance, except an emergency ordinance, and prior to its adoption or enactment, the county council shall hold a public hearing after due notice to consider the proposed ordinance.

King County Charter, art. 2, § 220.40 provides:

The county council shall adopt by ordinance rules of procedure governing the time, place and conduct of its meetings and hearings and the introduction, publication, consideration and adoption of ordinances.

Acting under art. 2, § 220.40, King County enacted ordinance No. 00583. The provisions of that ordinance include the following:

[T]he County Council shall hold a public hearing after due notice, to consider the proposed ordinance. Due notice shall mean notifying press, radio and television in the County of such public hearing by posting a notice on the bulletin board outside the door of the County Council Chambers, and by such other means as may now or hereafter be required by law.

King County ordinance No. 00583 supplied an omission in the manner of giving the notice required in the enactment of ordinances by RCW 42.32.010, then binding on King County.[1] That statute reads:

No . . . authority of any political subdivision exercising legislative . . . powers, shall adopt any ordinance, . . . except in a meeting open to the public and then only at a meeting, the date of which is fixed by law or rule, or at a meeting of which public notice has been given by notifying press, radio and television in the

---

[1] RCW 42.32.010 was repealed by Laws of 1971, Ex. Sess., ch. 250, § 15, and reenacted in different form. *See generally* Laws of 1971, 1st Ex. Sess., ch. 250.

county and by such other means as may now or hereafter be provided by law . . .

Petitioners do not claim any violation of RCW 42.32.010 in enacting ordinance No. 690, nor do they claim that press, radio and television in King County could not or did not in fact acquire notice of the hearing from the notices posted pursuant to ordinance No. 00583. Petitioners first argue, rather, that the posting of notice requirements of ordinance No. 00583 failed to fulfill the "due notice" requirement of art. 2, § 230.10 of the King County Charter in accordance with charter intention and that accordingly ordinance No. 00583 is invalid. A supporting argument in effect made is that if the framers of the charter had been satisfied with the adequacy of the notice requirements of RCW 42.32.010 it would have been unnecessary for art. 2, § 230.10 to provide for "due notice." Petitioners suggest that "due notice" requires a notice such as a mailed notice or a posting of notices in the neighborhood of the affected landowners. However, it is arguable that one reason for the inclusion of art. 2, §§ 230.10 and 220.40, so far as King County was concerned, was to provide a means for remedying the failure of RCW 42.32.010 to provide for the manner of "notifying press, radio and television in the county . . ." Ordinance No. 00583 enacted in the exercise of the power conferred by art. 2, § 220.40 provided a method of notifying the public media—a method, as we point out shortly, which violated no constitutional or statutory mandate.

■ That ordinance No. 00583 adequately fulfilled the due notice requirements of art. 2, § 230.10 is evidenced by the apparent satisfaction with that ordinance—one that has remained unchanged since its enactment. In determining the meaning of art. 2, § 230.10 which may be unclear, we may properly consider the subsequent construction of that enactment, whether by subsequent legislation or executive or administrative practice. *See Anderson v. Seattle,* 78 Wn.2d 201, 471 P.2d 87 (1970); *Bradley v. Department of Labor & Indus.,* 52 Wn.2d 780, 329 P.2d 196 (1958); *Terrace Heights Sewer Dist. v. Young,* 3 Wn. App. 206, 473 P.2d 414

(1970); 2 J. Sutherland, *Statutory Construction* §§ 5103-08, 5110 (3d ed. 1943). Had the framers of the charter been as dissatisfied with RCW 42.32.010 as this argument suggests, it would have been a simple matter to define "due notice" in art. 2, § 230.10 instead of taking the risk that by delegating definitional responsibility to the King County council, their intention might be defeated.

■ Assuming ordinance No. 00583 conforms otherwise to the intention of art. 2, § 230.10, petitioners raise the question whether its notice provisions violate any overriding constitutional provision. We know of no such provision. *See* 1 P. Nichols, *Eminent Domain* § 4.103[1] (3d rev. ed. 1964). Petitioners in effect seek to equate the "due notice" language of art. 2, § 230.10 with due notice in the procedural due process sense. However, the cases from which the language relied on is taken are not cases involving constitutional notice requirements in the enactment of ordinances. A charter may use the phrase "due notice" without necessarily intending that the term be construed in the procedural due process sense. A municipal corporation is under no duty to give any advance notice to persons who may be affected by the enactment of a proposed ordinance unless such duty is imposed by an overriding provision of charter, statute or constitution, absent here. If the municipal corporation gives such notice as its law or as overriding law requires it to give, the ordinance is deemed validly enacted even if the affected person receives no actual advance notice or even if a more adequate advance notice could have been given,—*i.e.,* one more likely to come to the attention of the affected person—or even if the affected person does not attend the hearing at which the ordinance is enacted. *See Neumann v. Mayor & Council,* 82 N.J.L. 275, 82 A. 511 (1912).

Petitioners next contend that ordinance No. 690 authorizing the institution of eminent domain proceedings is invalid because it fails to expressly find or recite that the acquisition of petitioners' property is necessary. In support of their contention, petitioners rely on RCW 8.08.010 which

deals with the procedure for the acquisition of land for general county purposes by eminent domain proceedings. The statute empowers a municipality to condemn land in the county for public use "whenever the board of county commissioners deems it necessary . . . to acquire such land . . ." King County, by virtue of its incorporation proceedings pursuant to RCW 35.03, exercises the powers of a city of the first class through its legislative authority, the King County Council. RCW 35.03.005, 35.03.010, 35.22.280(6). In arguing their contention, petitioners make no claim that the King County Council, as the legislative body of the county, lacked power to enact ordinance No. 690.

It is to be presumed that the King County Council acts lawfully. By enacting ordinance No. 690 the King County Council presumably deemed it necessary to acquire the land described in the ordinance for park purposes. *Ellis v. Ohio Turnpike Comm'n*, 162 Ohio St. 86, 120 N.E.2d 719 (1954). In the absence of any charter or statutory requirement that the ordinance contain an express finding of necessity, none is required. The landowner will still have a right to be heard on the issue of necessity—ultimately a judicial question—at the hearing on the entry of an order of public use and necessity. *See King County v. Theilman*, 59 Wn.2d 586, 369 P.2d 503 (1962).

It is finally contended that there is no substantial evidence to support the court's finding that the taking of petitioners' land for park purposes was necessary. "Necessary" means "reasonable necessity under the circumstances of the particular case." *Tacoma v. Welcker*, 65 Wn.2d 677, 683, 399 P.2d 330 (1965). Petitioners contend the evidence here concerning the planning of the park is too general and nebulous to support a finding of necessity. We do not agree. The evidence shows that King County had an overall concept for the park; that the broad boundaries of the park area had been determined; that open space land within the proposed park area had been selected for acquisition; that the width of the trails to be used, buffer zones, and connec-

tions with other trail systems had been worked out; that preliminary cost estimates for the land acquisition had been obtained although actual acquisition costs could not be known until the condemnation proceedings had been completed. It was also shown that a consultant would be employed for park plan development of the park under the instructions from the county.

Detailed and precise plans are not prerequisite to a showing of necessity or public use. In *In re Port of Seattle*, 80 Wn.2d 392, 398, 495 P.2d 327 (1972), the court said:

> The lack of specific plans and the uncertainty of the date on which the proposed use will commence are not supportive of a charge of constructive fraud . . . all that is required is reasonable necessity for use in a reasonable time.

In *State ex rel. Lange v. Superior Court*, 61 Wn.2d 153, 156, 377 P.2d 425 (1963), the court said:

> [D]etailed and precise plans of the highway to be constructed are not determinative of the condemnor's rights, and . . . the jurisdictional fact needed to support an order of public use is simply that a public highway is projected for the land sought . . .

Under the governing law stated, substantial evidence supports the court's finding of necessity.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.