440

[No. 4559-1.   Division One.   September 6, 1977.]

HENDRICK'S ELECTRIC, INC., *Appellant*, v. WAYNE J.
PLUMLEY, ET AL, *Respondents*.

*Steinberg & Steinberg* and *Quentin Steinberg*, for
appellant.

*Lund, Franklin & DeLong* and *Sam B. Franklin*, for
respondents.

ANDERSEN, J.—

## FACTS OF CASE

Hendrick's Electric, Inc. (Hendrick) is a firm which for 15 years has done marine electrical work exclusively. At the request of Wayne J. Plumley and his wife (the Plumleys), it installed certain electrical equipment and wiring aboard the Plumleys' motor vessel, *Fairweather,* while it was moored at a Seattle dock. When the Plumleys did not pay their bill in full, Hendrick brought suit. The trial court ruled that since Hendrick was not licensed by the State, it was prohibited by statute from suing.

A judgment dismissing Hendrick's action was entered and this appeal followed.

One issue is presented.

## ISSUE

Does an electrical contractor doing electrical work aboard a vessel have to be state licensed in order to bring suit pertaining to such work?

## DECISION

CONCLUSION. Electrical contractors who do work aboard boats, ships and watercraft are not required to be licensed under the state electricians and electrical installations law, RCW 19.28, in order to bring suit in connection with such work.

This state's electricians and electrical installations law, RCW 19.28, regulates electrical wiring and apparatus, including installation thereof "in, on, or about buildings, or structures . . ." RCW 19.28.010.[1] One of the requirements of the act is that persons and firms installing such wiring and equipment be licensed under the act. RCW 19.28.120. In order to encourage compliance with the licensing requirements of the act, one of its provisions denies access

---

[1]RCW 19.28.010 reads in pertinent part:

"From and after the taking effect of this chapter all wires and equipment, and installation thereof, to convey electric current and installations of apparatus to be operated by said current, in, on, or about *buildings, or structures,* . . . shall be in strict conformity with the provisions of this chapter, the statutes of the state of

to the courts for persons and firms required to be licensed but who are not licensed. RCW 19.28.190.[2]

■■ Licensing statutes are in derogation of the common law and must be strictly construed. *Kilthau v. Covelli*, 17 Wn. App. 460, 463, 563 P.2d 1305 (1977). The terms "buildings" and "structures" are not defined in the statute and will, therefore, be given their usual and ordinary meaning. *State ex rel. Longview Fire Fighters Local 828 v. Longview*, 65 Wn.2d 568, 571, 399 P.2d 1 (1965).

■ A boat is not a "building." The term "building" is defined as "a constructed edifice designed to stand more or less permanently, covering a space of land, . . ." *Webster's New International Dictionary* 292 (3d ed. 1969). As one early opinion expressed it,

> we are confident that it would be a great misuse of language to speak of a "steam-boat" as a "building." If one were to say that he saw a building floating down the river with many people in it, he never would be thought to mean a vessel. A vessel is not fixed in the earth, and does not form a part of the land. Even when fastened to the shore it would not pass by a conveyance of the land.

*Rouse v. Catskill & N.Y. Steam-Boat Co.*, 13 N.Y.S. 126, 127, 59 Hun 80 (1891).

Neither is a boat a "structure," as that term is used in the statute before us. Although the term "structure" is

Washington, the rules and regulations issued by the department of labor and industries under the authority of the state statutes, and shall be in conformity with approved methods of construction for safety to life and property. The regulations and articles as laid down in the National Electrical Code, . . . shall be prima facie evidence of such approved methods; . . ." (Italics ours.)

[2]RCW 19.28.190 provides:

"No person, firm or corporation engaging in, conducting or carrying on the business of installing wires or equipment to convey electric current, or installing apparatus to be operated by said current, shall be entitled to commence or maintain any suit or action in any court of this state pertaining to any such work or business, without alleging and proving that such person, firm or corporation held, at the time of commencing and performing such work, an unexpired, unrevoked and unsuspended license issued under the provisions of this chapter; . . ."

quite broad in its usual application, *State v. Roadhs*, 71 Wn.2d 705, 708, 430 P.2d 586 (1967), it is not broad enough to embrace boats in the present context. The Supreme Court of Hawaii recently held that a person who repaired boats did not come within a statute pertaining to those who improved "buildings or structures of any kind or description." *In re Pacific Marine & Supply Co.*, 55 Hawaii 572, 577, 524 P.2d 890, 894 (1974). The court there said:

It is quite clear that ships and vessels are not designated as, or referred to as, "structures," at least in the course of the ordinary and popular usage of the English language.

Two additional factors lend weight to this construction of the statute. First, the National Electrical Code, whose standards are referred to with approval in the statute being construed, RCW 19.28.010 (see footnote 1), deletes installations made on ships and watercraft from its coverage. National Electrical Code, art. 90, § 90–2(b)(1) (1975). Second, the State of Washington Department of Labor and Industries, the agency charged by law with enforcement of the electricians and electrical installations law, has consistently interpreted this statute as not applying to installations made on ships and watercraft, and such interpretations are entitled to great weight. *See Hama Hama Co. v. Shorelines Hearings Bd.*, 85 Wn.2d 441, 448, 536 P.2d 157 (1975); *Terrace Heights Sewer Dist. v. Young*, 3 Wn. App. 206, 208, 473 P.2d 414 (1970).

For the reasons stated, we hold that the legislature by enacting the electricians and electrical installations law, RCW 19.28, did not thereby intend to require persons and firms doing electrical work aboard boats, ships and watercraft to be licensed thereunder. *See Amburn v. Daly*, 81 Wn.2d 241, 245, 501 P.2d 178 (1972). Accordingly, Hendrick was not prohibited by RCW 19.28.190 from suing the Plumleys for the work it had done for them.

The trial court erred in dismissing Hendrick's case.

444

Reversed and remanded.

SWANSON and CALLOW, JJ., concur.