[No. 7311-4-III.   Division Three.   October 14, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. PHILLIP DUANE FLIEGER, *Respondent.*

668

C. J. Rabideau, Prosecuting Attorney, and Pamela Cam-
eron, Deputy, for appellant.

J. Scott Timmons and Timmons, Hames & Hollenbeck,
for respondent (appointed counsel for appeal).

THOMPSON, J.—The trial court dismissed the information
charging Mr. Phillip D. Flieger with burglary in the second
degree. The State appeals, contending the trial court erred
in finding, as a matter of law, that the fenced area
described in the probable cause affidavit did not constitute
a "building", as defined by RCW 9A.04.110(5). We agree
with the trial court and affirm.

In the early morning hours of August 17, 1984, Rodney
Stroud reported to the Pasco Police Department that he
had chased a person from his back porch area. The porch is
not enclosed and lies within an area of Mr. Stroud's back-
yard surrounded by a 6–foot solid wooden fence. The fence
has four gates, two of which are padlocked. A third has a
latch that cannot be reached from the outside, and a fourth
has a latch than can be reached from the outside by reach-
ing over the gate. Mr. Stroud told police officers that all the
gates were locked or closed to protect property stored in
the enclosed backyard, including goods secured in a storage
shed within the enclosure.

Mr. Stroud's description and positive photo identification led officers to believe that Mr. Flieger was the subject observed fleeing the porch. Based upon this information, contained in an affidavit in support of probable cause, Mr. Flieger was arrested and charged by information with burglary in the second degree under RCW 9A.52.030.[1] Mr. Flieger moved to dismiss, arguing the information failed to allege a necessary element of burglary in the second degree—entry of a building as defined by RCW 9A.04-.110(5).[2] Upon hearing, the trial court agreed and granted the dismissal, resulting in this appeal.

██ In 1975, when the Legislature revised the criminal code of the State of Washington, it changed the words defining "building" in the burglary statute by adding "fenced areas". Case law addressing the issue of whether a fenced enclosure constituted a "building" or "structure" for purposes of second degree burglary under former RCW 9.19.020 focused on whether the fence was "of such a nature that it [was] erected mainly for the purpose of protecting property within its confines and [was], in fact, an integral part of a closed compound . . ." *State v. Roadhs,* 71 Wn.2d 705, 708–09, 430 P.2d 586 (1967); *State v. Livengood,* 14 Wn. App. 203, 209, 540 P.2d 480 (1975). In both *Roadhs* and *Livengood,* the defendants entered a warehouse–type compound, surrounded by a cyclone fence, and used for storage of tools, wire, and other materials.

In construing a statute, the court's task is to carry out

---

[1]RCW 9A.52.030:

"Burglary in the second degree. (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

"(2) Burglary in the second degree is a class B felony."

[2]RCW 9A.04.110(5):

"'Building', in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building;"

the intent of the Legislature, which must be determined primarily from the language of the statute itself. *State v. Neslund,* 103 Wn.2d 79, 690 P.2d 1153 (1984). A look at the language defining "building" indicates the Legislature intended "fenced area" to include the *Roadhs/Livengood* "main purpose" limitation.

The definition of building in RCW 9A.04.110(5) includes both specific references and a catchall "or any other structure". The phrase following "structure" includes language that explains or elaborates on the specific references. For instance, "dwelling" is qualified by "used for lodging of persons"; "vehicle, railway car, cargo container" would coincide with "use, sale or deposit of goods" and "fenced area" either "carrying on business therein" or, more likely, "deposit of goods". Thus, the phrase both modifies "structure" and gives meaning to the specific reference to "fenced area".

The court in *State v. Couch,* 44 Wn. App. 26, 720 P.2d 1387 (1986) confirmed this interpretation of the building definition. There, the area entered was beneath a tavern and usually enclosed by aluminum skirting. Even though not used by patrons of the tavern, the area was an enclosed area, associated with the building and used in connection with the business of the tavern. The court read the language in RCW 9A.04.110(5) "used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods" as modifying the previous terms as well as "any other structure". Thus, to be a "building" that can be "entered", the fenced area must be either used for lodging of persons, for carrying on a business, or for the use, sale or deposit of goods.

Similarly, in *State v. Tyson,* 33 Wn. App. 859, 658 P.2d 55 (1983), the issue was whether entry of a semitrailer constituted the requisite entry of a building. The court, while pointing out that the term "building" is "broadly and uniquely defined" in the second degree burglary statute noted that among other things it "includes cargo containers and other structures *used for the deposit of goods*". (Italics

ours.) *Tyson,* at 862–63. There, uncontroverted evidence established that the semitrailer was either a cargo container or other structure used for the deposit of goods, and thus was a building for purposes of the burglary statute.

Here, although the affidavit in support of probable cause infers some goods were stored in the backyard, the State's exhibits and arguments during the hearing confirmed that this was a fence enclosing a backyard, much like the backyard of any other private home. As such, it was not a "fenced area" equivalent to a "building". Since its "main purpose" under the *Roadhs* and *Livengood* tests was not protection of property or goods therein, it did not constitute a building for purposes of the burglary in the second degree statute.

A second issue raised by the State is whether the trial court erred in concluding there was insufficient evidence to support the crime charged and dismissing the information. The State contends that even if all fenced areas are not buildings, for purposes of the burglary statute, in this case there are sufficient facts alleged in the probable cause affidavit to create a jury question on the issue. Dismissal was thus an abuse of discretion because the trial court, in effect, decided a factual issue.

The sufficiency of an information upon which an accused is charged may be properly challenged by a motion to dismiss. *State v. Morton,* 83 Wn.2d 863, 866, 523 P.2d 199 (1974). If it is clear from the State's pleadings that it cannot make a factual issue on each element of the crime charged, the trial court may resolve the issue prior to trial as a matter of law. *State v. Maurer,* 34 Wn. App. 573, 577, 663 P.2d 152 (1983). However, if the charge is sufficient on its face, a trial court cannot presume to resolve factual issues and must allow the State to present its case. *State v. Maloney,* 1 Wn. App. 1007, 465 P.2d 692 (1970). We have already decided that a dwelling's fenced backyard is not a building as a matter of law. Thus, no fact issue was presented and dismissal was proper.

In addition, where no rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt, a trial court must dismiss. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Here, since no "building" was entered, no trier of fact could find all elements of burglary in the second degree. Thus, we find no abuse of discretion.

Affirmed.

GREEN, C.J., and MUNSON, J., concur.