38 P.3d 393 (2002)
STATE of Washington, Respondent and Cross-Appellant,
v.
Gerald Lee WENTZ, Appellant.
No. 19560-1-III.
Court of Appeals of Washington, Division 3, Panel Two.
January 24, 2002.
David N. Gasch, Attorney at Law, Spokane, for appellant.
Kevin M. Korsmo, Deputy Prosecuting Attorney, Spokane, for respondent.
*394 SCHULTHEIS, J.
At the conclusion of a bench trial, Gerald Wentz was convicted of several crimes including burglary and attempted murder. He appeals, claiming the evidence was not sufficient to support the convictions. The State's cross-appeal on the sentencing issue was abandoned prior to oral argument. We affirm.

FACTS
Deputies responded to a home security alarm in Spokane County in the evening hours of May 29, 1999. The home belonged to Patrick Wheeler. When deputies arrived at the residence they found the back door open and discovered Mr. Wentz hiding under a tarp in a boat that was parked in the back yard. He was read his constitutional rights, which he voluntarily waived. He agreed to talk to officers on the scene and at the public safety building where he was transported after his arrest.
Further investigation by officers revealed that Mr. Wentz had been armed with a gun that had been reported stolen that day from a home in The Dalles, Oregon. Officers discovered Mr. Wentz, who is from The Dalles, had driven to Spokane in a vehicle that had also been reported stolen earlier that day in The Dalles. Inside the vehicle the police discovered several notes, including a hand-drawn map to Mr. Wheeler's residence and journal type entries, which chronicled the events leading to Mr. Wentz's arrival in Spokane and his contemplated killing of Mr. Wheeler, Janet McFadden (Mr. Wentz's ex-wife), and/or himself.
Mr. Wentz was arrested and charged with five felony counts: (1) first degree burglary; (2) second degree possession of stolen property; (3) possession of a stolen firearm; (4) attempted second degree murder of Ms. McFadden; and (5) attempted second degree murder of Mr. Wheeler. Mr. Wentz waived his right to a jury trial. Most of the underlying facts leading to his arrest were not at issue during the trial but his purpose in driving to Spokane and his mental capacity during the planning stages of the burglary and attempted murders were disputed. The State argued the attempted murders were planned in a thoughtful, strategic manner. The defense argued Mr. Wentz's actions were the result of a combination of long-term mental illness, sleep deprivation, and substance abuse.
Mr. Wentz was found guilty of all charges at the conclusion of a bench trial. This timely appeal followed.

ANALYSIS

1. Burglary Conviction
Mr. Wentz first claims the evidence is insufficient to support the burglary conviction. He assigns error to finding of fact 68[1] and conclusion of law 2.[2] The court's review of challenged findings of fact is limited to determining whether substantial evidence supports them, and, if so, whether the findings support the conclusions of law and judgment. State v. Macon, 128 Wash.2d 784, 799, 911 P.2d 1004 (1996). Substantial evidence exists when there is a sufficient quantity of evidence in the record to persuade a fair-minded rational person of the truth of the finding. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994).
At trial, officers testified that a six-foot high, wooden fence secured by locks encloses the yard in which Mr. Wentz was found. In order to reach Mr. Wentz, officers had to climb over the fence. At the conclusion of the trial the court determined the term "building," as defined in RCW 9A.04.110(5),[3] *395 under the facts of this case, included Mr. Wheeler's fenced back yard. Accordingly, Mr. Wentz was found guilty of the burglary charge.
The court's decision is supported by the statute, yet conflicts with a prior Division Three decision, State v. Flieger, 45 Wash. App. 667, 726 P.2d 1257 (1986). The Flieger court, on facts quite similar to those at hand, determined that an enclosed residential yard surrounded by a tall wooden fence with locked gates did not constitute a "building" pursuant to the definition set forth in the statute. It determined the language following the words "any other structure" modified all the statutory definitions of "building" and not just the word "structure." Id. at 670-71, 726 P.2d 1257. We now disapprove the Flieger court's reasoning on this subject.
The Flieger interpretation violates the last antecedent rule, a maxim of statutory construction. The last antecedent rule states "unless a contrary intention appears in the statute, qualifying words and phrases refer to the last antecedent." In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 781, 903 P.2d 443 (1995). A corollary to that rule is "the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one." Id. at 781-82, 903 P.2d 443.
The portion of the definition of building at issue provides, "in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein ...." RCW 9A.04.110(5) (emphasis added). The noun being modified is "structure." The term "used for lodging of persons or for carrying on business therein," which modifies the antecedent, "any other structure," is not set off by a comma. Accordingly, it applies only to the preceding term. Finding no contrary intent in the statute and applying the aforementioned rules of statutory construction leads us to conclude the trial court's interpretation of the statute, while not following legal precedent, was correct.

2. Attempted Murder Convictions
Mr. Wentz also claims the evidence is insufficient to support the two attempted murder convictions. He maintains the evidence supports the view that he intended to commit suicide in front of Ms. McFadden and Mr. Wheeler, but did not intend to kill them. In making this claim Mr. Wentz assigns error to findings of fact 64,[4] 65,[5] 66,[6] 71,[7] and 72[8] and conclusions of law 5[9] and 6.[10]
The well-established test for challenging the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of *396 fact could find that each element of the offense has been proved beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). A person commits attempted second degree murder by taking a substantial step toward intending to cause the death of another. RCW 9A.32.050(1)(a); RCW 9A.28.020.
The findings are supported by substantial evidence and support the court's conclusion that Mr. Wentz drove to Spokane in a stolen car armed with a stolen gun and ammunition with the intent to kill Ms. McFadden and Mr. Wheeler. The State produced evidence of a hand-drawn map that led to Mr. Wheeler's home in Spokane. Mr. Wentz drove to Mr. Wheeler's residence and parked his car a block away while he walked around the neighborhood half a dozen times, familiarizing himself with the area. While waiting for darkness he composed a journal type note that spoke of his refusal to allow Ms. McFadden to love anyone other than him. Once it was dark outside he climbed over a locked six-foot tall fence that surrounded Mr. Wheeler's home. While armed with the weapon and ammunition he attempted to enter the residence to lie in wait for the return of Ms. McFadden and Mr. Wheeler but set off a security alarm, which apparently dissuaded him from entering the home. Ultimately, Mr. Wentz decided to hide in the boat, which was located in Mr. Wheeler's back yard, to wait for Ms. McFadden and Mr. Wheeler to return. Once he was apprehended by officers, Mr. Wentz waived his constitutional rights and during an interview admitted to the officers that he intended to kill Ms. McFadden and Mr. Wheeler. The trial court properly found Mr. Wentz guilty of two counts of attempted second degree murder.
Affirmed.
WE CONCUR: BROWN, A.C.J., and KATO, J.
NOTES
[1] Finding of Fact 68 states in pertinent part: "[T]he defendant ... did enter or remain unlawfully on the premises or in the building located at 7110 E. 6th, Spokane County, Washington, with the intent to commit a crime against a person or property therein...." Clerk's Papers (CP) at 44.
[2] Conclusion of Law 2 states in pertinent part: "Defendant is guilty beyond a reasonable doubt of First Degree Burglary...." CP at 46.
[3] RCW 9A.04.110(5) states: "`Building', in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building."
[4] Finding of Fact 64 states: "The defendant's writings do not reasonably infer that defendant intended on making this incident a suicide attempt; if the defendant wanted to commit suicide he certainly did not have to travel two hundred miles since Ms. McFadden still resided in The Dalles, Oregon, and would be returning there after the weekend[.]" CP at 42.
[5] Finding of Fact 65 states in pertinent part: "Nothing in this case reasonably suggests that the exclusive object of the defendant's desire was to commit suicide...." CP at 42.
[6] Finding of Fact 66 states in pertinent part: "[U]pon finding his targets were not inside the residence, the defendant secreted himself under a tarp, inside a boat with the loaded firearm and extra rounds of ammunition for the purpose of surprising, attacking and murdering Patrick Wheeler and Janet McFadden...." CP at 43.
[7] Finding of Fact 71 states in pertinent part: "[T]he defendant ... did ... with the intent to commit the crime of second degree murder ... committed [sic] an act which was a substantial step toward that crime, by attempting to cause the death of Jane [sic] McFadden...." CP at 45.
[8] Finding of Fact 72 states in pertinent part: "[T]he defendant ... did ... with the intent to commit the crime of second degree murder ... committed [sic] an act which was a substantial step toward completion, by attempting ... to cause the death of Patrick Wheeler...." CP at 45.
[9] Conclusion of Law 5 states: "Defendant is guilty beyond a reasonable doubt of Attempted Second Degree Murder as charged in the Amended Information by Count IV." CP at 46.
[10] Conclusion of Law 6 states: "Defendant is guilty beyond a reasonable doubt of Attempted Second Degree Murder as charged in the Amended Information by Count V." CP at 46.