PEOPLE v MATUSIK

PEOPLE v GUNDLACH

CRIMINAL LAW—AUTOMOBILES—LARCENY—MOTOR VEHICLES—BUILD-INGS—STATUTES.

Two defendants who were found to have entered a 1961 or 1962 Chevrolet van used for storage with intent to commit larceny may not be convicted of entering a building with intent to commit larceny and are properly charged under the statute relating to entering or breaking into motor vehicles; although the van had four flat tires and was not presently operable, only minor efforts would be needed to cure that problem (MCLA 750.111, 750.356a).

Appeal from Macomb, George R. Deneweth, J. Submitted June 9, 1975, at Detroit. (Docket Nos. 21340, 21341.) Decided August 13, 1975.

Walter B. Matusik, Jr., and Duane L. Gundlach were convicted of entering a building with intent to commit larceny. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Goldstein, Raznick & Katz,* for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

REFERENCE FOR POINTS IN HEADNOTE
50 Am Jur 2d, Larceny § 49.

BRONSON, P. J. We must decide the following question on appeal:

Does the entering of a 1961 or 1962 Chevrolet van used for storage with the intent to commit larceny fall within the scope of MCLA 750.111; MSA 28.306, prohibiting such conduct with respect to any "building", or within the scope of MCLA 750.356a; MSA 28.588(1), dealing with entering "motor vehicles"?

Defendants were charged under the statute pertaining to "buildings". The prosecutor at trial introduced evidence that the defendants had taken some automobile parts being stored in a 1961 or 1962 Chevrolet van. The owner of the van testified that it had (1) all doors and fenders attached, (2) all wheels in place, but with all tires flat, (3) old license plates, and (4) a complete motor, which the owner had never tried to run.

At the close of the prosecutor's proofs, defendants made a motion to dismiss on grounds that they were not shown to have entered a "building". The trial judge denied that motion. Defendants rested without presenting any evidence, and they were convicted of the charged offense. Both were sentenced to a prison term of from 3-1/3 to 5 years, and appeal by right.

The Michigan Penal Code defines a "motor vehicle" in MCLA 750.412; MSA 28.644, as follows:

"The term 'motor vehicle' as used in this chapter shall include all vehicles impelled on the public highways of this state by mechanical power, except traction engines, road rollers and such vehicles as run upon rails or tracks."[1]

---

[1] Since this definition applies only to "this chapter", it does not directly control the entering with breaking statute, found in another chapter. However, since this is the only definition found in the penal code, we shall look to it for guidance.

The prosecutor argues that the van was not a motor vehicle when it was entered, for it was not capable of self-propulsion. That view is too restrictive.

We agree with the reasoning of the Missouri Supreme Court used to analyze a similar statute in *State v Ridinger,* 364 Mo 684, 692; 266 SW2d 626, 632 (1954):

" 'Motor vehicle' is a generic term. The curious may read of the origin, development, modern acceptance, use and application of the term in 60 C.J.S., Motor Vehicles, § 1, p. 109, and in *Jernigan v. Hanover Fire Ins. Co.,* 235 N.C. 334, 69 S.E.2d 847. It is a matter of common knowledge and every day observation that on the used car and outdoor show and display lots of the State, on lots adjoining garages, and in countless yards and various premises in this State, both rural and urban, stand unnumbered thousands of motor vehicles of every description, many in various conditions of disrepair. But few of them stand ready to operate or could otherwise qualify as 'self-propelled,' but they nonetheless are 'motor vehicles.' Clearly it was not the legislative intent to exclude such motor vehicles from the protection of the 'tampering' statute."

The mere fact that the van could not be taken out and immediately driven does not necessarily make it a "building".

It is not the fact that a vehicle is immovable that makes it a "building", but the permanency of the modifications used to make that vehicle immovable. For example, the Court in *People v McLaughlin,* 156 Cal App 2d 291; 319 P2d 365 (1957), held that an old passenger bus converted into an office was a "building". In that case, the wheels had been removed, and the bus sat on concrete blocks. It is clear that the difficulty of converting the structure back into an operating bus led the

Court to decide that it was a "building". See also, *State v Warner,* 187 Neb 335; 190 NW2d 786 (1971), where a trailer was held to be a "building". There, the trailer was set on a concrete base surrounded by a fiberglass skirt, had an attached stairway, and was wired for electricity.[2]

We hold that the Chevrolet van here was a "motor vehicle" and not a "building". Although the van could not be presently operated, only minor efforts would be needed to cure that problem. Tires can easily be fixed, and there was no evidence that the motor did not run, although the owner had not tried to start it. At any rate, we must assume that it could be repaired even if presently inoperable, because all engine parts were in place. The van was not modified to such an extent as to take it out of the classification of a "motor vehicle".

Reversed and remanded, and it is hereby ordered that defendants be released from custody.

---

[2] It is clear that a second requirement exists in order for a structure to be considered a "building". The structure must be used "as a habitation or for some purpose of trade, manufacture, [or] ornament * * * ", *People v Williams,* 368 Mich 494, 497–498; 118 NW2d 391 (1962). That requirement is rarely in serious question. Here, for example, both parties readily admit that it was being used in the same way a building would be used—to store automobile parts.