PEOPLE v ADAMS

1. LARCENY—BUILDING—STRUCTURE—DEFINITION.

A 4-foot 6-inch high and 3-foot square shed enclosing a gasoline pump is a building or structure within the meaning of the statute on breaking and entering of an unoccupied structure with intent to commit larceny (MCLA 750.110; MSA 28.305).

2. CRIMINAL LAW—BREAKING AND ENTERING—BUILDING—LARCENY— INTENT—CONVICTION.

A defendant was not improperly convicted of breaking and entering with intent to commit larceny where the defendant broke into a shed with the express intent to steal gasoline and to do this an inside pump had to be activated, even though the flow of gasoline would have been outside of the shed; an essential act of a completed crime was committed and the subsequent portion of the crime, actually stealing the gasoline, would have occurred outside of the shed if defendant had reached that point.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted April 14, 1977, at Grand Rapids. (Docket No. 27958.) Decided May 17, 1977.

Michael T. Adams was convicted of breaking and entering an unoccupied structure with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 6.
  What is a "building" or "house" within burglary statutes. 78 ALR2d 778.
[2] 13 Am Jur 2d, Burglary §§ 24, 25, 52.

*Howard & Howard* (by *James H. Geary*), for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and R. E. A. BOYLE,* JJ.

PER CURIAM. Defendant Michael Tracy Adams was convicted by bench trial of breaking and entering an unoccupied structure with intent to commit a larceny therein, MCLA 750.110; MSA 28.305, and appeals.

The trial record reveals that the defendant and an accomplice broke into a wooden shed enclosing a gasoline pump in an attempt to steal some gas. The shed was determined to be approximately 4-1/2 feet high and 3 feet square.

Defendant contends that he could not be validly convicted under MCLA 750.110; MSA 28.305, because the gas pump shed was not a "building" or "structure" within the meaning of the statute. The statute reads as follows:

"Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory *or other building, structure,* boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years." (Emphasis added.)

In *People v Williams,* 368 Mich 494; 118 NW2d 391 (1962), *cert den,* 373 US 909; 83 S Ct 1297; 10 L Ed 2d 411 (1963), the Supreme Court discussed the statutory term "building".

---

* Circuit judge, sitting on the Court of Appeals by assignment.

" 'The word "building" cannot be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed.' " (Citation omitted.) 368 Mich at 497–498.

Using this definition the *Williams* Court found a tire storage shed, being 7 feet high, 15 feet long, and 33 inches wide, to be a "building" for the purposes of the statute.

The *Williams, supra,* definition is consistent with the definitions set forth by various commentators.

"A building is a structure which has capacity to contain, and is designed for the habitation of, man or animals, or the sheltering of property, even though it is unfinished.

"The word 'structure' is in its widest sense defined as any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction or edifice for any use; or that which is built, such as a dwelling house, church, shed, or store. (Footnotes omitted.) 2 Wharton, Criminal Law & Procedure, § 428, pp 49–50. See also 78 ALR2d 778, § 2, p 780.

The gas pump shed in the present case was a permanent fixture, attached to realty, and designed to be used for the sheltering of personal property. See *Williams, supra,* at 497. It therefore falls within the meaning of the terms "building" or "structure" under MCLA 750.110; MSA 28.305. The trial court's finding that the shed was a "structure" was not error.

Defendant also contends that his conviction was

invalid because it was not shown that he broke into the gas pump shed with the intent to commit a *"larceny therein"*. (Emphasis added.) He argues that he merely broke into the shed to turn on the pump, and that any larceny could only have occurred when gas actually left the pump nozzle, outside of the shed.

This rather novel argument does not convince us that defendant's conviction was erroneous. Defendant broke into the shed with the express intent to steal some gasoline. In order to accomplish this larceny the switch on the pump, *inside* of the shed, had to be activated. Defendant broke and entered the shed to commit an essential act of the completed crime. We do not feel that the conviction is tainted solely because a subsequent portion of the crime would have occurred, if defendant had reached that point, outside the shed.

Affirmed.