PEOPLE v WALTERS

Docket No. 125284. Submitted September 5, 1990, at Detroit. Decided
        December 5, 1990, at 9:11 A.M. Leave to appeal sought.

Michael J. Walters pled no contest in the Oakland Circuit Court
    to a charge of breaking and entering a building with intent to
    commit a felony and guilty to a supplemental charge of being a
    third-felony offender, Richard D. Kuhn, J. The defendant's plea
    was conditioned on preservation of his right to appeal the trial
    court's refusal to quash the information on the basis that a
    trailer qualified as a building within the meaning of MCL
    750.110; MSA 28.305, the breaking and entering statute, under
    which the defendant was charged. The defendant appealed.

    The Court of Appeals *held:*

    The trial court correctly denied the defendant's motion to
quash the information.

    1. The focus of MCL 750.110; MSA 28.305 is not on the
permanence or other physical characteristics of a given struc-
ture, but on its use. Because the statute proscribes the breaking
and entering of a "building" with intent to commit *any* felony
therein, the primary objects of its protection are the people
that use and occupy these buildings, as well as property con-
tained in the building or the structure itself.

    2. Although the trailer at issue in this case was not perma-
nently affixed to the realty on which it was situated on the
night of the charged offense, it was a structure primarily used
as an office by its owners at their construction sites. An office is
one of the types of structures or buildings protected by the
statute under which the defendant was charged. Thus, when
this trailer was used and occupied as an office, it constituted a
building within the meaning of the statute.

    Affirmed.

CRIMINAL LAW — BREAKING AND ENTERING — CONSTRUCTION TRAIL-
    ERS.

    A construction trailer used primarily as an office and for storing

REFERENCES
Am Jur 2d, Burglary § 6.
What is "building" or "house" within burglary or breaking and
    entering statute. 68 ALR4th 425.

equipment at a construction site, although not permanently affixed to the realty on which it was situated, was within the protection of the breaking and entering statute (MCL 750.110; MSA 28.305).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Robert F. Davisson,* for defendant on appeal.

Before: HOOD, P.J., and WAHLS and MURPHY, JJ.

PER CURIAM. Defendant pled no contest to a charge of breaking and entering a building with intent to commit a felony, MCL 750.110; MSA 28.305, and guilty to a supplemental third-felony offender charge, MCL 769.11; MSA 28.1083, and was sentenced to two to twenty years in prison. Defendant's plea was conditioned on preservation of his right to appeal the trial court's refusal to quash the information on the basis of its ruling that a trailer qualified as a building within the meaning of MCL 750.110; MSA 28.305. Defendant appeals as of right. We affirm.

MCL 750.110; MSA 28.305 provides:

Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall

be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. For the purpose of this section "any occupied dwelling house" includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode.

The trailer into which defendant was charged with breaking and entering was a construction trailer that was used as an office and for storing equipment at construction sites. It had wheels and could be moved when towed by a truck. It was not permanently affixed to the land on which it was situated at the time of the charged offense. On this basis, defendant contends that the trailer was not a building and, therefore, that the trial court erred in refusing to quash the information. We disagree.

In *People v Williams*, 368 Mich 494, 497-498; 118 NW2d 391 (1962), our Supreme Court defined a "building" as " 'an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed.' " Generally, a building is a relatively permanent type of structure that is affixed to the realty on which it is situated. Consequently, courts have tended to focus on the permanence of a given structure when determining whether it constituted a building within the meaning of MCL 750.110; MSA 28.305. See *Williams, supra; People v Adams,* 75 Mich App 736; 255 NW2d 752 (1977); *People v Matusik,* 63 Mich App 347; 234 NW2d 517 (1975). Obviously, the more permanent a structure is, the more closely it resembles a building, as that term is commonly used and understood. However, there is nothing in the *Williams* definition that requires a structure to be permanent or affixed in order to constitute a "building," nor does

the following definition of a building, as set forth in *Adams, supra,* 738, contain such a requirement:

> A building is a structure which has capacity to contain, and is designed for the habitation of, man or animals, or the sheltering of property, even though it is unfinished.
>
> The word "structure" is in its widest sense defined as any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction or edifice for any use; or that which is built, such as a dwelling house, church, shed, or store. (Footnotes omitted.) 2 Wharton, Criminal Law & Procedure, § 428, pp 49-50. See also 78 ALR2d 778, § 2, p 780.

Our reading of MCL 750.110; MSA 28.305 leads us to conclude that the concept of permanence is not dispositive of whether a given structure falls within the scope of the statute. The statute expressly proscribes the breaking and entering of certain impermanent, nonfixed structures, such as tents, boats or ships, and railroad cars. The inclusion of the phrase "or other building, [or] structure" indicates that this is a nonexclusive list. Moreover, our examination of the types of "buildings" enumerated in the statute reveals that the *use* of the structure is the primary concern, rather than its physical character.

In *People v Winhoven,* 65 Mich App 522; 237 NW2d 540 (1975), this Court held that a mobile home may constitute an occupied dwelling under MCL 750.110; MSA 28.305, rather than a house trailer under MCL 750.356a; MSA 28.588(1), which proscribes the breaking and entering of a motor vehicle, house trailer, trailer, or semitrailer as a five-year felony. Although the trailer at issue was affixed to the realty through utility hookups and a metal skirt, its permanence was not the focus of

this Court's reasoning. This Court observed that MCL 750.110; MSA 28.305 addresses the breaking and entering of a dwelling house with the intent to commit *any* felony therein, whereas MCL 750.356a; MSA 28.588(1) only prohibits the breaking and entering of a motor vehicle or trailer with the intent to commit *larceny* therein. Therefore, the Court concluded, the proscription against the breaking and entering of a dwelling house protects the peaceful habitation of the structure, rather than the property therein. If a mobile home is used as a person's primary place of residence, it is a dwelling house. *Id.,* 524-528.

The same reasoning is applicable to the present case. The focus of MCL 750.110; MSA 28.305 is not on the permanence or other physical characteristics of a given structure, but on its use. As noted above, because the statute proscribes the breaking and entering of a "building" with intent to commit *any* felony therein, the primary objects of its protection are the people that use and occupy these buildings, as well as the property therein or the structure itself. Consequently, the examples given in the statute are types of buildings in which an intruder is likely to encounter and endanger the people who use and occupy them, such as hotels, offices, stores, shops, or factories.

We believe that *People v Matusik, supra,* is distinguishable from the present case. In *Matusik,* this Court held that a van with flat tires which was never driven but was used for storing automobile parts was not a "building" under MCL 750.111; MSA 28.306, entering without breaking. This Court focused on the lack of permanent modifications to that van to render it immovable to conclude that the van was a motor vehicle rather than a building. *Matusik, supra,* 348-350. By contrast, the trailer at issue in the present case is

clearly not a motor vehicle because it had no mechanical means for self-propulsion. Once placed at any location, the trailer would remain in that place unless it was towed away by another vehicle.

The trailer at issue in the present case was not permanently affixed to the realty on which it was situated on the night of the charged offense. Nevertheless, it was a "structure" which was primarily used as an office by its owners at their construction sites. An "office" is one of the types of structures or buildings which is protected by MCL 750.110; MSA 28.305. Therefore, we conclude that, when this trailer was used and occupied as an office, it constituted a "building" within the meaning of the statute and the trial court correctly denied defendant's motion to quash the information.

Affirmed.