PEOPLE v JACQUES

Docket No. 175885. Submitted February 7, 1996, at Detroit. Decided March 12, 1996, at 9:05 A.M. Leave to appeal sought.

Christopher C. Jacques was convicted following a bench trial in the Recorder's Court for the City of Detroit, Michael F. Sapala, J., of entering without breaking. He then pleaded guilty of being a fourth-offense habitual offender. The court sentenced the defendant to three to five years' imprisonment for the entering without breaking conviction, set aside that sentence, and sentenced the defendant to three to ten years' imprisonment for the habitual offender conviction. The defendant appealed, alleging, in part, that his entry into fenced-in property did not fit the requirements of the entering without breaking statute because a fence is neither a building nor a structure for purposes of the statute.

The Court of Appeals *held:*

1. The prosecution presented sufficient evidence that the defendant entered a structure without breaking. In determining whether an object is a structure or building for purposes of the statute, the focus is on the use made of the object. The Legislature contemplated a fence that is used to enclose and protect property and is an integral part of a closed compound when it included the term "structure" in the breaking and entering and entering without breaking statutes.

2. The issue whether the trial court erred in admitting into evidence certain statements made by the defendant to police officers allegedly before he was advised of his rights under *Miranda v Arizona,* 384 US 436 (1966), was waived by the defendant's failure to raise the issue in the trial court. Furthermore, even if the trial court did err, the verdict would not have been different had the challenged statements not been admitted, because there was other evidence supporting defendant's conviction.

3. The defendant did not preserve for appellate review his assertion that the trial court erred in failing to require the

REFERENCES

Am Jur 2d, Burglary § 6.
See ALR Index under Breaking and Entering.

prosecution to demonstrate that it exercised due diligence in seeking to locate and subpoena an alleged res gestae witness.

Affirmed.

Criminal Law — Words and Phrases — "Structure."

A fence that is used to enclose and protect property and is an integral part of a closed compound may be a "structure" for purposes of the breaking and entering and entering without breaking statutes; the determination whether an object is a structure for purposes of the statutes focuses on the use made of the object (MCL 750.110, 750.111; MSA 28.305, 28.306).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: Wahls, P.J., and Hood and M. E. Clements,* JJ.

Hood, J. Defendant appeals as of right his bench trial conviction of entering without breaking, MCL 750.111; MSA 28.306, and plea of guilty of being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084. The three- to five-year sentence for the entering without breaking conviction was set aside, and defendant was sentenced to three to ten years' imprisonment for the habitual offender conviction. We affirm.

At approximately 7:45 P.M. on January 16, 1994, Officers Adam Pasciak and David Holt of the Redford Township Police Department received a call regarding activity at a 7-Up distributing center. When Pasciak and Holt arrived, they went to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the back area of the property, which was fenced. According to the manager of the plant, the facility was surrounded by a seven-foot-tall fence, which was topped with barbed wire. The officers approached the fence and saw one individual hanging from an aluminum recycling truck. Pasciak called to the man, later identified as defendant, who eventually told the officers that a man named "Carl" had given him permission to enter and collect empty and loose soft drink cans. Defendant demonstrated to the officers how he had entered the facility: he had crawled underneath the sliding gate, the bottom of which was approximately six to eight inches off the ground. A patdown search of defendant's outer clothing was conducted and four crushed soft drink cans were found in his coat pockets.

After the close of the prosecution's proofs, defendant moved for a directed verdict. The court found that the prosecutor presented sufficient evidence of an entry, but not a breaking, and granted defendant's motion to the extent of reducing the original charge of breaking and entering, MCL 750.110; MSA 28.305, to entering without breaking. After testimony from defendant and a witness, the trial court returned a verdict of guilty of entering without breaking. The court reasoned that the enclosure was part of a business and therefore was encompassed within the statute. Defendant entered his plea with regard to the habitual offender charge, and this appeal followed.

Defendant first argues that the trial court erred in admitting the statements he made to the officers in answer to their questions before he had been advised of his rights under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). For purposes of this argument, defendant asserts that he was in police custody when the

officers called to him from outside the fence, asked him whether he had permission to be on the property, and asked him how he got in. Initially, we note that defendant failed to raise this issue below. As a general rule, we consider issues that are raised for the first time on appeal to be waived. *People v Connor,* 209 Mich App 419, 422; 531 NW2d 734 (1995). However, even if the admission of these statements was error, we find that, in light of the other evidence supporting defendant's conviction, the verdict in this case would not have been different had the challenged statements not been admitted. *People v Lee,* 212 Mich App 228, 240-241; 537 NW2d 233 (1995), citing *People v Grant,* 445 Mich 535, 553-554; 520 NW2d 123 (1994).

Defendant's next claim of error is based on his assertion that the trial court failed to require the prosecution to demonstrate that it exercised due diligence in seeking to locate and subpoena a res gestae witness. However, because defendant failed to move for a new trial, made no attempt to call the witness, and did not object to the witness' absence, seek to establish that the witness was a res gestae witness, or otherwise indicate to the court that he was dissatisfied with the absence of the witness, we conclude that this issue is not preserved for appeal. See *People v Jackson,* 178 Mich App 62, 66; 443 NW2d 423 (1989).

Finally, defendant asserts that the prosecution presented insufficient evidence to find him guilty beyond a reasonable doubt of entering without breaking. Although we find that this issue requires analysis, we disagree with defendant's conclusions. To review a claim of insufficiency of the evidence, this Court must consider the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have con-

cluded that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hurst,* 205 Mich App 634, 640; 517 NW2d 858 (1994). Defendant was found guilty under the statute prohibiting the entry, without breaking, of

> any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use . . . with intent to commit a felony or any larceny therein. [MCL 750.111; MSA 28.306.]

He argues on appeal, as he did below in a motion for a directed verdict, that his entry into the fenced-in property does not fit the requirements under the statute because a fence is neither a "building" nor a "structure."

As support for his argument, defendant cites *People v Williams,* 368 Mich 494; 118 NW2d 391 (1962), *People v Walters,* 186 Mich App 452; 465 NW2d 29 (1990), and *People v Adams,* 75 Mich App 736; 255 NW2d 752 (1977). While none of these cases directly address the issue before us, that is, whether a fence is encompassed within the terms "building" or "structure" for purposes of the entering without breaking statute,[1] consideration of each is helpful to our resolution of the question.

The defendants in *Williams* were convicted after they entered a metal structure in which tires were

[1] We note that because of the similarities in the language of the breaking and entering statute, MCL 750.110; MSA 28.305, and the entering without breaking statute, MCL 750.111; MSA 28.306, our analysis may be applied to both statutes. The current breaking and entering statute provides:

> A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary [sic], factory or other building, structure, boat, ship, or railroad car is guilty of a felony. [MCL 750.110; MSA 28.305.]

stored that was entirely enclosed and had locking doors. The defendants were found guilty of larceny in a building:

> Any person who shall commit the crime of larceny by stealing in any dwelling house, house trailer, office, store, gasoline service station, shop, warehouse, mill, factory, hotel, school, barn, granary, ship, boat, vessel, church, house of worship, locker room or any building used by the public shall be guilty of a felony. [MCL 750.360; MSA 28.592.]

The Supreme Court affirmed the defendants' convictions after concluding that the tire shed was a "building" under the statute. The language from *Williams* that has been latched onto by defendant was drawn from *Truesdell v Gay,* 79 Mass (13 Gray) 311 (1859): "The word 'building' cannot be held to include every species of erection on land, such as fences, gates or other like structures." *Williams, supra* at 497. Significantly, we note that the term at issue in *Williams* was "building." While *Williams* may support a finding that a fence is not a building, it does not help defendant with regard to the scope of the term "structure."

The defendants in *Adams* and *Walters* were convicted of breaking and entering, MCL 750.110; MSA 28.305. That section prohibits the breaking and entering of certain "buildings" and other structures. In *Adams,* a wooden shed enclosing a gasoline pump was found to be a "structure." *Adams, supra* at 738. The Court defined both "building" and "structure":

> "A building is a structure which has capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property, even though it is unfinished.

"The word 'structure' is in its widest sense
defined as any production or piece of work artifi-
cially built up or composed of parts joined together
in some definite manner; any construction or ed-
ifice for any use; or that which is built, such as a
dwelling house, church, shed, or store." [*Id.,* quot-
ing 2 Wharton, Criminal Law & Procedure, § 428,
pp 49-50.]

In finding the gas pump shed to be either a build-
ing or a structure, the Court stated that it "was a
permanent fixture, attached to realty, and de-
signed to be used for the sheltering of personal
property." *Id.*

Finally, in *Walters,* the defendant argued that
his conviction was improper because he had been
charged with breaking and entering a construction
trailer. The defendant asserted that the construc-
tion trailer was not permanently affixed to the
land and therefore was not a "building." This
Court disagreed and stated that the proper focus
was not on the permanence of the "building," but
on its *use. Walters, supra* at 455. Because the
trailer was used and occupied as an office, it was a
"building." *Id.* at 457.

This then leads us to determine the status of a
fence. Contrary to defendant's assertion, our
courts have not concluded that a fence is not a
"structure," but have indicated only that fences
are not "buildings." The issue before us, therefore,
is one of first impression. The reasoning of those
courts that have found fenced-in areas to be
"structures" under burglary statutes is persuasive.
We conclude that the prosecution presented suffi-
cient evidence that defendant entered a "struc-
ture."

In *State v Roadhs,* 71 Wash 2d 705; 430 P2d 586
(1967), the defendants were apprehended while
inside a three-sided shed located within a public

utility compound. The compound was entirely surrounded by cyclone fencing, which was topped with barbed wire. The defendants had gained access to the compound by cutting a section of barbed wire and climbing over the fence. *Id.* at 707. The burglary statute prohibited the breaking and entering of "any building . . . or other structure wherein any property is kept." *Id.* The statute defined "building," but did not define "structure." The court concluded that a fence was not encompassed within the term building, but considered whether it could fall within the definition of "structure."

The *Roadhs* court followed the general rule of statutory construction that undefined words in a statute should be interpreted according to their common and approved usage, that is, their ordinary meaning. *Id.* at 708; see *People v Fields,* 448 Mich 58, 67; 528 NW2d 176 (1995). The *Roadhs* court stated: "The term 'structure' in its ordinary meaning includes 'any production or piece of work artificially built up or composed of parts joined together in some definite manner.' " *Id.* at 708, quoting 2 Anderson, Wharton's Criminal Law & Procedure, § 428 (1957). Because, under this definition, the term "structure" could be interpreted very broadly, the *Roadhs* court found it necessary to apply the principle of *noscitur a sociis*: more general terms in a statute must be interpreted consistent with and analogous to the more specific terms within the statute. *Id.* at 708. The court continued:

> Considering the statutory definition given to the more specific term "building," and assuming, as we must, that the legislature intended to enlarge the scope of the burglary statute by the addition of the words "or other structure" . . . we conclude that a fence of the sort here in question consti-

tutes a "structure" within the meaning of that statute. Were the fence a mere boundary fence or one erected for the sole purpose of esthetic beautification, it would not constitute a "structure" as that term was intended to be interpreted by the legislature. However, where the fence is of such a nature that it is erected mainly for the purpose of protecting property within its confines and is, in fact, an integral part of a closed compound, its function becomes analogous to that of a "building" and the fence itself constitutes a "structure" subject to being burglarized. [*Id.* at 708-709 (emphasis in original).]

The reasoning of *Roadhs* has been followed in other jurisdictions. In *Joy v State,* 460 NE2d 551 (Ind App, 1984), the Indiana burglary statute, which criminalized the breaking and entering of a "building or structure," was found to encompass a fence surrounding a lumber company. The court concluded that a fence was a structure for purposes of the burglary statute because its purpose was clearly to protect "property within its confines and [was], in fact, an integral part of a closed compound." *Id.* at 558, quoting *Roadhs, supra* at 708-709. See also *Stanley v State,* 512 P2d 829 (Okla Crim App, 1973).

In *Townsend v State,* 308 Ark 266; 824 SW2d 821 (1992), the Supreme Court of Arkansas affirmed the breaking and entering convictions of the defendants, who had cut through a fence surrounding a business. The breaking and entering statute specifically included any building or structure, as well as a variety of containers. *Id.* at 268. In the absence of a statutory definition of "structure," the court referred to Black's Law Dictionary (5th ed), which defined "structure" as " 'any construction, or any production or piece of work artificially built up or composed of parts joined together

in some definite manner.' " *Townsend, supra* at 268. Further, the court found that "fence" was defined by Black's Law Dictionary as " 'a hedge, *structure,* or partition, erected for the purpose of inclosing a piece of land.' " *Townsend, supra* at 268. (Emphasis in original.)

We recognize that this reasoning has not been adopted in all jurisdictions. For example, in *State v Gamble,* 56 NC App 55; 286 SE2d 804 (1982), the court refused to include the breaking and entering of a fenced-in area within the scope of North Carolina's breaking and entering statute. The statute specifically covers the breaking and entering of "any building," and defines "building" to include "any other structure designed to house or secure within it any activity or property." *Id.* at 57. That court followed the principle of ejusdem generis:

> "[W]here general words *follow* a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated." [*Id.* at 58 (citation omitted; emphasis in original).]

The court concluded that the definitions of "building" and "fenced-in area" are not subject to the principle of ejusdem generis because the legislature always intended a "building" to have at least one wall and a roof, which a fenced-in area does not have. We are not persuaded by the reasoning of *Gamble,* because our statute does not restrict its application to those things falling within a specific definition of a building.

On the basis of the reasoning of those courts so concluding, and the guidance of our Court in *Wal-*

*ters* that the focus is on the use made of the structure or building, we conclude that our Legislature contemplated a fence that is used to enclose and protect property and is "an integral part of a closed compound," *Roadhs, supra* at 708-709, when it included the term "structure" in the breaking and entering and entering without breaking statutes. By demonstrating that defendant had crawled under the gate into the fenced area of the 7-Up distribution center, the prosecution presented sufficient evidence upon which a trier of fact could find defendant guilty of entering without breaking.

Affirmed.