PEOPLE v JACQUES

Docket No. 106247. Argued October 9, 1997 (Calendar No. 14). Decided
        January 21, 1998.

    Christopher C. Jacques was convicted following a bench trial in the
        Detroit Recorder's Court, Michael F. Sapala, J., of entry without
        breaking. The Court of Appeals, WAHLS, P.J., and HOOD and M. E.
        CLEMENTS, JJ., affirmed, holding that a fence is included in the gen-
        eral term "structure" in the statute (Docket No. 175885). The
        defendant appeals.

    In an opinion by Justice CAVANAGH, joined by Chief Justice
    MALLETT, and Justices BRICKLEY and KELLY, the Supreme Court *held*:

    A fence is not a structure that may be entered into for purposes
    of MCL 750.111; MSA 28.306.

    MCL 750.111; MSA 28.306 prohibits the unlawful entry into a
    building or structure. Because all the specific terms listed in the
    statute are limited to places that may be entered into, the general
    term "structure" also must be so limited. A structure must be some-
    thing that physically may be entered into. A fence is not such a
    structure. While a person who crawls under a fence to steal may be
    guilty of a crime, the defendant's acts in this case did not violate
    this statute.

    Reversed.

    Justice TAYLOR, joined by Justices BOYLE and WEAVER, dissenting,
    stated that the fence in question constitutes a structure under the
    entry without breaking statute. Implicitly, the failure of the Legisla-
    ture to qualify "structure" with the word "other" logically leads to
    the view that it did not want the word "structure" to be limited by
    the words immediately preceding it. Rather, it was intended as a
    broad catchall, not limited pursuant to ejusdem generis by terms
    listed earlier in the statute. The Legislature contemplated a fence
    used to enclose and protect property as being an integral part of a
    closed compound when it included the term "structure" in the entry
    without breaking statute.

    215 Mich App 699; 547 NW2d 349 (1996) reversed.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *John D. O'Hair*, Prosecut-

ing Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*) for the defendant.

CAVANAGH, J. The issue presented in this case is whether entry into an enclosure by crawling under a fence constitutes the crime of entry without breaking, MCL 750.111; MSA 28.306. The Court of Appeals held that a fence is included in the catchall category of "structure" contained in the statute. We disagree with the Court of Appeals and hold that a fence is not a structure for the purposes of the statute.

I

The defendant was arrested for stealing four crushed pop cans from a 7-UP distribution center. Apparently, he slid under the fence surrounding the center through a six- to eight-inch depression in the ground, picked up the cans, and put them in his pocket. He was discovered by the police holding on to the back of a trailer parked within the fenced area. When questioned by the police, he admitted that he did not have permission to be in the center, and that he had gained access to the enclosure by crawling under the fence.

Defendant was convicted of entry without breaking[1] at a bench trial before Recorder's Court Judge

---

[1] The defendant was originally charged with breaking and entering, MCL 750.110; MSA 28.305. On a motion for directed verdict by the defendant at the close of the prosecution's proofs, the trial judge found that there was no evidence of a breaking and reduced the charge to entry without breaking.

Michael F. Sapala. Instrumental to the conviction was Judge Sapala's finding that the fenced enclosure was "part of the business," and, therefore, entry through the fence into the enclosure constituted entry into a structure. The Court of Appeals affirmed the conviction, holding that "our Legislature contemplated a fence that is used to enclose and protect property and is 'an integral part of a closed compound' when it included the term 'structure' in the breaking and entering and entering without breaking statutes." 215 Mich App 699, 709; 547 NW2d 349 (1996) (citations omitted). We granted leave to appeal.

## II

The crime of entry without breaking is defined as:

> Any person who, without breaking, shall enter any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein, with intent to commit a felony or any larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison not more than 5 years, or fined not more than $2,500.00. [MCL 750.111; MSA 28.306.]

While the term "fence" or "fenced enclosure" does not appear in the specifically enumerated terms of the statute, both the trial court and the Court of Appeals found that a fence is included in the general term "structure." The question before us is whether, in the context of the statute, the word structure was meant to include a fence.

Our first step in interpreting a statute is to look at the "common and approved usage" of the word in question. *People v Fields*, 448 Mich 58, 67; 528 NW2d 176 (1995). This principle of statutory construction

requires us to look at the ordinary meaning given to the term "structure." Unfortunately, the ordinary meaning of the word structure provides little guidance in this case. In *People v Adams*, 75 Mich App 736; 255 NW2d 752 (1977), the Court of Appeals explained that structure is traditionally defined to include " 'any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction or edifice for any use; or that which is built, such as a dwelling house, church, shed, or store.' " *Id.* at 738, quoting 2 Wharton, Criminal Law & Procedure, § 428, pp 49-50. Thus, the ordinary meaning of the term structure is broad enough to cover everything from a building to a breadbox. Certainly, entry into a breadbox is not the type of criminal behavior contemplated by the Legislature. We believe the Legislature intended a more narrow interpretation of the word "structure."

When the ordinary meaning of a term is not helpful, this Court has traditionally looked to a second principle of statutory construction, ejusdem generis. This principle was stated by this Court in *People v Brown*, 406 Mich 215, 221; 277 NW2d 155 (1979):

> "This is a rule whereby in a statute in which general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated." [Quoting *People v Smith*, 393 Mich 432, 436; 225 NW2d 165 (1975).]

In *Smith*, this Court used the principle of ejusdem generis to interpret the statutory offense of carrying a

concealed weapon.[2] The defendant was prosecuted after the police found an M-1 rifle under the front seat of his car. The concealed weapons statute made it illegal for a person to so "carry a dagger, dirk, stiletto, or other dangerous weapon."[3] We held that the term "other dangerous weapon" was limited to a stabbing weapon when it followed the terms "dagger, dirk, stiletto" in the statute. Therefore, the defendant's rifle was not included in the general term "other dangerous weapon" for the purposes of that statute.[4]

Similarly, in the statute before us, the terms dwelling, house, tent, hotel, office, store, shop, warehouse, barn granary, factory or other building, boat, ship, and railroad car all appear before the term structure. The commonality shared by all these terms is that they are buildings or structures that may be entered into. Indeed, the purpose of the statute is to prohibit the unlawful *entry into* a building or structure. Because all the specific terms listed in the statute are limited to places that may be entered into, the general term structure must also be so limited.

The dissent argues that the use of ejusdem generis is inappropriate in this case because the term structure is not preceded by the modifying word "other" in the statute; therefore, the language employed by the Legislature manifests an intention for the term structure to be read expansively. We agree with the dissent

---

[2] MCL 750.227; MSA 28.424.

[3] Another part of the statute made it illegal to carry a concealed pistol. We also held that an M-1 rifle did not fit the definition of a pistol.

[4] The Court did note that the defendant could have been properly charged with carrying a firearm or dangerous weapon with unlawful intent. MCL 750.226; MSA 28.423. Thus, the defendant's actions may have been criminal, just not by means of the statute under which he was charged.

that the doctrine of ejusdem generis does not apply to a statute where the context of the statute manifests a contrary intention. A good example of such a situation is presented in *In re Forfeiture of $5,264*, 432 Mich 242; 439 NW2d 246 (1989), cited by the dissent. In that case, the Court was concerned with whether the forfeiture provision of the controlled substances act[5] applied to real property. The relevant provision of the act stated that it was to cover "*any* thing of value . . . *including but not limited to* money, negotiable instruments, or securities. . . ." *Id.* at 252-253, n 7 (emphasis in original). The Court refused to apply ejusdem generis because the statute in question clearly evidenced an intention *not* to limit items covered by the statute to the types of things specifically listed.

In contrast, we find no such manifestation of intent in the context of the present statute. First, none of the cases cited by the dissent require the use of a modifying term such as "other" to come before the general term in a statute.[6] The absence of "other" before "structure" does not, by itself, prohibit the use

---

[5] MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f).

[6] In the first case relied on in the dissent, *Pennsylvania Steel Co v J E Potts Salt & Lumber Co*, 63 F 11 (CA 6, 1894), the Court never makes a distinction between the words "structure" and "other structure," as asserted by the dissent. Rather, the case stands for the proposition that a general term following a list of more specific terms is limited by those specific terms. The limitation of the general term is not conditional upon the existence of the word "other" in the statute.

The other case relied on by the dissent, *C K Eddy & Sons v Tierney*, 276 Mich 333; 267 NW 852 (1936), involved a statute that used the terms "building, structure, or premises." The Court held that the three terms were used disjunctively, and therefore, the doctrine of ejusdem generis should not apply. In that statute, the Legislature used three general terms, none of which was specific enough to limit the others. The Court properly concluded that the three general terms were not modified by each other, and therefore, ejusdem generis was inappropriate. In contrast, the statute

of ejusdem generis. Second, a sensible reading of the statute supports the use of ejusdem generis. As mentioned above, a broad reading of the word structure would criminalize entry into everything from a building to a breadbox, and we believe the Legislature did not intend such a broad definition of structure. Moreover, the statute before us does contain a list of specific words, all of which are of "the same kind, class, . . . or nature." *Id.*[7] It is exactly the type of statute where the doctrine of ejusdem generis has traditionally been used to aid in statutory interpretation. Therefore, under the principle of ejusdem generis, a structure must be something that one may physically enter into.

The only remaining question is whether a fence is a structure that one may physically enter into. We hold that it is not. Of course one could enter into a fenced "area," as the defendant did in the instant case. However, only the fence itself is "built up or composed of parts joined together," *Adams, supra* at 738; on the other hand, the "area" is merely a piece of land on which a person can trespass. The area does not consist of anything built up, or anything made of parts joined together. Thus, limiting our consideration to the fence itself, we hold that a fence is not a structure that may be entered into. As counsel for the defendant stated at oral argument:

> [Y]ou can't be inside a fence. You can be on one side or the other or on top or underneath, but you can't be inside a

---

in the present case contains a list of specific terms followed by a general term, rather than a series of general terms used disjunctively.

[7] This is still the case if the listed words in the statute are divided into two groups, as advocated by the dissent. "[B]oat, ship, [and] railroad car" are still all structures that may be entered into.

fence. You can be on the property if you're on the wrong side of the fence, but you can't be in the fence.

Noticeably absent from the terms in the statute is anything resembling a fence. The Legislature chose not to include fence, wall, gate, or barrier in the statute. Nor did it include fenced enclosure, compound, or secured area. If the Legislature wanted to criminalize crawling under a fence as entry without breaking, it easily could have done so. For whatever reason, it chose not to include a fence in the statute, and we are not inclined to reword the statute to mean something the Legislature did not intend.

We note that nothing in this opinion should be construed to legalize crawling under a fence to steal. A person who does so may be guilty of trespassing and larceny or intent to commit larceny. However, in this case the defendant's quest for pop cans, although criminal, did not violate this particular statute.

III

The defendant also argues that the prosecution failed to fulfill its duty to render reasonable assistance in locating and serving process on a defense witness.[8] Because of our disposition of the case on the basis of the language of the statute itself, it is unnecessary for us to reach this issue.

IV

Because we find a fence is not a structure under the entry without breaking statute, the decision of the Court of Appeals is reversed, and the defendant's conviction is vacated.

---

[8] MCL 767.40a;  MSA 28.980(1).

Mallett, C.J., and Brickley and Kelly, JJ., concurred with Cavanagh, J.

Taylor, J. (*dissenting*). I would affirm the judgment of the Court of Appeals because a fence of the sort here in question (seven feet high, effecting a full enclosure) constitutes a "structure" under the entry without breaking statute. MCL 750.111; MSA 28.306.

The majority opinion is premised on the ejusdem generis doctrine. As stated in *In re Mosby*, 360 Mich 186, 192; 103 NW2d 462 (1960):

> The rule of ejusdem generis is not to be invoked in every case where general words follow (or possibly precede) specific words. For example, it applies only where the specific words relate to subjects of a single kind, class, character, or nature, as noted above. In all events, the rule is useful only for purposes of aiding the judicial search for the sometimes elusive scrivener's intent. Where the language used, considered in its entirety, discloses no purpose of limiting the general words used, the rule of ejusdem generis may not be invoked to defeat or limit the purpose of the enactment.

Also relevant is the following language from Black's Law Dictionary, which this Court cited with approval in *In re Forfeiture of $5,264*, 432 Mich 242, 252-253, n 7; 439 NW2d 246 (1989), a case in which this Court refused to apply the doctrine of ejusdem generis to a statute:

> "The rule, however, does not necessarily require that the general provision be limited in its scope to the identical things specifically named. Nor does it apply when the context manifests a contrary intention."

After full consideration of the statute in question, I am satisfied that the doctrine should not be applied to limit the items that can be considered to be a

structure under the entry without breaking statute. MCL 750.111; MSA 28.306. The majority's resort to the rule of ejusdem generis is unwarranted because the statutory language does not disclose the purpose of limiting the meaning of the word "structure" in the statute. Indeed, careful review of the statute manifests a contrary intention. Accord *Utica State Savings Bank v Oak Park*, 279 Mich 568, 573; 273 NW 271 (1937).

The crime of entry without breaking is defined as:

> Any person who, without breaking, shall enter any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein, with intent to commit a felony or any larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison not more than 5 years, or fined not more than $2,500.00. [MCL 750.111; MSA 28.306.]

The first part of the statute consists of a list starting with "any dwelling, house, tent," etc., and ends with the phrase "factory or other building." The second part of the list continues "boat, ship, railroad car or structure." I find it significant that the Legislature chose to modify "building" in the first listing with the word "other," but did not so modify the word "structure" in the second. While the majority apparently dismisses this as a distinction without a difference, all would acknowledge that it is at least curious that there was such an omission. It is our duty to grapple with this and give meaning, if such is possible, to the

drafting anomaly.[1] I believe English usage dictates that "other" is limiting.[2] This, of course, means that application of the doctrine of ejusdem generis to the clause culminating in "other building" is appropriate.[3] However, when "other" is not a qualifier to the culminating noun in the list, such as in the second list where "structure" is unmodified, it follows that ejusdem generis cannot be used to help us understand the scope of "structure."[4]

Further, because "other" restricts the noun "building," its lack before "structure" means that structure should be read as an effort by the Legislature to use the word expansively as a catchall term. Reinforcement for this analysis comes from *Pennsylvania Steel Co v J E Potts Salt & Lumber Co*, 63 F 11, 15 (CA 6, 1894), in which the United States Court of Appeals for the Sixth Circuit considered the Michigan mechanic's lien statute. The Sixth Circuit said that the words "other structure" had to be understood in relation to the words immediately preceding, to wit, "house, building, machinery, wharf." Implicitly, the failure to qualify "structure" with the word "other" logically leads to the view that the Legislature did not

---

[1] MCL 8.3a; MSA 2.212(1) ("All words and phrases shall be construed and understood according to the common and approved usage of the language").

[2] *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992) (In construing a statute, a court should presume that every word has some meaning and no word should be treated as surplusage or rendered nugatory if at all possible).

[3] It is in fact this type of analysis, as the majority notes, that led the Court in *People v Smith*, 393 Mich 432, 435; 225 NW2d 165 (1975), to conclude that "other" triggered the ejusdem generis analysis.

[4] The majority asserts that the commonality shared by all the terms in the statute is that each may be entered into. However, this is not entirely correct. For example, a barge is a boat or ship and one would not normally state that one entered into a barge.

want the word "structure" to be limited by the words immediately preceding; rather, it wanted a broad meaning so as to encompass things broader than the actual listing. Accord *In re Forfeiture of $5,264*, *supra* at 255 (we believe the phrase connotes an illustrative listing, one purposefully capable of enlargement).

Further support for my conclusion that the rule of ejusdem generis should not be applied to the word structure comes from *C K Eddy & Sons v Tierney*, 276 Mich 333, 340-341; 267 NW 852 (1936). In that case, the Court considered an ordinance forbidding the alteration of a "building, structure, or premises" except for specified purposes. This Court refused to apply the doctrine of ejusdem generis because each of the series of terms, "buildings, structures, or premises" was used disjunctively, standing independent of any other, the whole encompassing the broad field that the ordinance manifestly intended to reach. Thereafter this Court cited a definition of the word "structure" that was broad enough to include a seven-foot high fence.[5] The entry without breaking statute here at issue similarly uses the word "structure" disjunctively. Therefore "structure" should be understood broadly, as a "catchall" and not limited pursuant to ejusdem generis by the earlier terms in the list.

The majority asserts, for reasons unclear to me, that one cannot be inside a fence. I disagree. An area which people enter is commonly described as being in a fenced-in area. In this sense, then, one can be inside a fence. It is only because the majority has not

---

[5] Black's Law Dictionary (6th ed), p 618, defines a "fence" as a "hedge, structure or partition."

completed the vernacular phrase that it seems unfamiliar. In any event, however, no matter how unfamiliar the phrase may seem, it does not establish the impossibility that the majority seems to be suggesting. Moreover, this argument misses the issue, as stated by the majority itself, which is whether entry into "an enclosure" by crawling under a fence constitutes the crime of entry without breaking.

Accordingly, by utilization of the syntactical rules that control our language, I conclude, along with the Court of Appeals, that the Legislature contemplated a fence[6] that is used to enclose and protect property as being an integral part of a closed compound when it included the term "structure" in the entry without breaking statute. 215 Mich App 699, 709; 547 NW2d 349 (1996).

I would affirm defendant's conviction.

BOYLE and WEAVER, JJ., concurred with TAYLOR, J.

---

[6] I would leave for a later day the interesting question of a burglary in a bread box.